## LOUIS JONES *v.* THE STATE.

1. JURORS. *Competency. Capital punishment. Scruples.*

     A juror who will not, on circumstantial evidence, convict a murderer to be hanged, may be rejected by the court in a case depending upon evidence of that character, although he will convict and send to the penitentiary for life.

2. CIRCUMSTANTIAL EVIDENCE. *Murder. Threat.*

     A threat to kill is insufficient of itself to warrant a conviction of murder, although the killing is soon afterwards done and no other perpetrator is disclosed by the evidence.

ERROR to the Circuit Court of Wilkinson County.

Hon. J. B. CHRISMAN, Judge.

The plaintiff in error was convicted of murder on circumstantial evidence, and sentenced to be hanged. Notwithstanding his objection, several jurors were rejected by the court because they stated that they would not convict a man to be hanged on circumstantial evidence, but if satisfied of guilt would send him to the penitentiary for life. On Monday the plaintiff in error said he would kill Ira Anderson if his mistress went to live with him. She went on Tuesday, and that night Anderson was assassinated while sitting in his door. The ninth charge asked by the prisoner and refused was, "that although the jury may believe, from the evidence, that the defendant threatened to take the life of Ira Anderson, yet this is but a circumstance in the case, and is not sufficient of itself to warrant a conviction, although it may not appear from the evidence that any other particular person committed the homicide." The tenth was the same to the word "conviction," after which was substituted this language: "but is to be weighed and considered with all the other testimony in the case."

*D. C. Bramlett* and *T. V. Noland*, for the plaintiff in error.

The accused had a right to the rejected jurors, which could not be overcome except by a peremptory challenge by the State. *Russell* v. *State*, 53 Miss. 367 ; *Smith* v. *State*, 55 Miss. 410. The charges were improperly refused. A threat is but

a circumstance, but if not cautioned, the common mind, in a case like this, accepts it as proof of guilt.

*T. C. Catchings,* Attorney General, for the State.

The jurors were not competent in a murder case. Without unanimous consent the prisoner, if convicted, would have to be hanged, and the rejected jurors' scruples would prevent a verdict. Since the jury had been told to make up their verdict from the whole evidence, the instructions refused would have added nothing to their understanding the case, and would have confused and misled them.

CAMPBELL, J., delivered the opinion of the court.

The court ruled correctly as to the competency of jurors. The punishment prescribed by law for murder is death by hanging. The jury finding a verdict of guilty of murder may fix the punishment at imprisonment for life. The law deems circumstantial evidence sufficient to warrant a verdict of guilty of murder, and a juror who is not willing to pronounce a verdict of guilty of murder on sufficient circumstantial evidence, to be followed by the sentence of the law in such case, is not such a juror as the law requires for the trial of an indictment for murder.

The ninth and tenth instructions asked by the prisoner are correct as legal propositions, and were exceedingly appropriate to the facts in evidence, and refusing them constitutes an error for which the judgment is

*Reversed and cause remanded.*