Syllabus.

## HENRY S. SMITH v. THE STATE.

1. CRIMINAL LAW. *Application for continuance. Case in judgment.*
   On the day fixed for his trial, S., who had been.indicted for murder, moved for a continuance of his case because of the absence of certain witnesses by whom he expected to prove his good character for peace in the neighborhood in which he resided, and the bad character for veracity of the principal witness for the State. The places of residence of the witnesses were not stated; nor does the record show any subpœna issued for them. Upon this application a continuance was granted. The case was then transferred to another county, and when it came on for trial there, S. again moved for a continuance upon the same showing, substantially, as that made on his first application. The affidavit upon which the application was based did not show that the witnesses named had ever been subpœnaed; nor did it allege that there were no other persons by whom the facts sought to be established could be proven. The Circuit Court overruled the second motion. *Held,* that the action of the court below was correct.

2. INDICTMENT. *Form. Date of commission of offence.*
   The charge in an indictment that the crime was committed on the "twentieth day of April, 1880," is equivalent to a charge that it was done on the "twentieth day of April, A. D. 1880." But, under sect. 2803 of the Code of 1871, an indictment which avers no date for the commission of the offence is valid.

3. SAME. *"Contra forma." Sect. 2884, Code of 1871.*
   Under sect. 2884 of the Code of 1871, the words "contrary to the form of the statute" are not essential to the validity of an indictment.

4. SAME. *Indorsement of "filed." Effect.*
   The indorsement upon an indictment of the word "filed" by the clerk is sufficient evidence that the indictment was properly found by the grand jury and returned into court. Acts 1878, p. 199; Code 1880, sect. 3006.

5. CRIMINAL LAW. *Competency of juror. Conscientious scruples.*
   In empanelling a jury to try an indictment against S. for murder, H., one of the special *venire,* was asked, "Have you any conscientious scruples on the subject of capital punishment?" To which he replied, "I have." The court then declared him incompetent as a juror and discharged him, refusing to allow the defendant's counsel to examine him as to his qualifications. *Held,* that the action of the court below was not erroneous.

6. SAME. *Evidence. Flight of accused.*
   Where one is upon trial charged with murder, it is not improper for the court to admit evidence of his flight soon after the killing. But such evidence must be considered in connection with the other evidence in the case.

7. SAME. *Argument. Reading to jury. Practice. Record. Presumption.*
   Where one convicted of murder, on appeal to this court, assigns for error the action of the court below in refusing to allow his counsel to read, in argument to the jury, extracts from "Phillips' Famous Cases on Circumstantial Evi-

dence," and certain decisions of this court, but the record does not show what it was that the counsel proposed to read, this court must presume that the refusal was proper.

8. SAME.  *Evidence.   Credibility of witness.   Bad character.*
The credibility of a witness testifying in the trial of a charge of murder cannot be impeached by showing his own general bad character, except for veracity; and it is not allowable to show that such witness has himself been guilty of the crime of murder, or that he had sympathized with the commission of such crime.  *Head* v. *The State,* 44 Miss. 731, partially overruled.

9. SAME.  *Murder.   Evidence.   Proof of defence.*
The defendant in an indictment for murder is not required, in any phase of his case, *to prove* his defence to the *satisfaction* of the jury.  His defence is sufficiently established if, upon consideration of the whole evidence, there is a reasonable doubt of his guilt.  *Hawthorne* v. *The State, ante,* p. 778, cited.

10. SAME.  *Manslaughter.   Character of offence.   Evidence.*
To reduce a homicide from murder to manslaughter, it must appear not only that the killing was done in the heat of passion, but also that the provocation was sufficient to negative the inference of malice.

APPEAL from the Circuit Court of Alcorn County.

Hon. J. A. GREEN, Judge.

Henry S. Smith was convicted of murder, and appealed to this court.  The case is sufficiently stated in the opinion of the court, except in one particular, viz. :  In empanelling the jury, T. B. Hale, who was one of the special *venire,* was called, and asked by the court the question, " Have you conscientious scruples on the subject of capital punishment? "  To which Hale replied, " I have."  The court then declared him incompetent as a juror, and discharged him, and refused to permit the counsel for the defendant to examine him as to his qualifications.

The assignments of error are indicated in the opinion of the court.

*G. R. Rasberry,* for the appellant.

1.  The record does not show that the indictment was properly found or returned into court.   8 Smed. & M. 587 ; 24 Miss. 621 ; 26 Miss. 174 ; 45 Miss. 441 ; 50 Miss. 165 ; 57 Miss. 365 ; 4 How. 163 ; 25 Miss. 589 ; 30 Miss. 421.

2.  The indictment did not show the time of the commission

of the offence. *Hutton's Case,* 5 Gray, 89 ; *Clark's Case,* 4 Cush. 596.

3. Sect. 2884 of the Code of 1871 did not dispense with the necessity of charging in an indictment, in some way, that the offence was against the laws of the State.

4. The appellant had done everything in his power to have his witnesses at the trial, and it was error for the court to refuse his application for a continuance.

5. Hale was a competent juror, and should not have been rejected. But the court clearly erred in refusing to permit counsel for the accused to examine him as to his qualifications.

6. The questions propounded to Mrs. Lowrey were competent. *Head's Case,* 44 Miss. 731.

7. Evidence of the flight of one accused of murder is only admissible where the evidence is circumstantial and the killing is denied. The killing in this case was not denied. See 43 Texas, 182 ; 23 Am. Law Rep. 590.

8. The instructions were conflicting, and therefore erroneous. *Cunningham's Case,* 56 Miss. 269.

9. It was error to refuse to allow counsel for the accused to read authorities to the jury. *Cavanah's Case,* 56 Miss. 299.

*J. A. Brown* and *J. B. H. Hemingway,* on the same side, by appointment of the court, filed a lengthy brief discussing the facts and law of the case.

*T. C. Catchings,* Attorney-General, for the State, filed a brief fully discussing the questions involved in the case, but it was lost before the record and papers in the case were delivered to the reporter.

COOPER, J., delivered the opinion of the court.

Appellant was indicted at the July term, A. D. 1880, of the Circuit Court of Tishomingo County for the murder of one John Burt. The indictment was returned into court on the 12th, and a *venire* was drawn, returnable on the 16th. The defendant having made a motion for a change of venue, which was overruled, on the day fixed for trial moved for a con-

tinuance because of the absence of certain witnesses, for
whom he had caused subpœnas to be issued. The application
was accompanied by an affidavit in which he stated that he ex-
pected to prove by them his own good character for peace in
the neighborhood in which he resided, and the bad character
for truth and veracity of one Mrs. Lowrey, the principal wit-
ness for the State. The places of residence of the witnesses
were not stated ; nor does the record show any subpœnas issued
for them. Upon this application the cause was continued. At
the following term of the court the application for a change of
venue was renewed and granted, and the cause transferred to
the Circuit Court of Alcorn County, where it came on for trial
at the January term, 1881, at which time appellant again
moved for a continuance because of the absence of the wit-
nesses named in his application previously made to the Circuit
Court of Tishomingo County. This application was accom-
panied by an affidavit which was nearly an exact copy of the
one filed in support of the motion made in Tishomingo County,
the only change made being by the insertion of a statement
that he had caused subpœnas to be issued from the Circuit
Court of Alcorn County as soon as the transcript of the pro-
ceedings had been filed therein. The court overruled the mo-
tion, and this is the basis of the first error assigned. While the
refusal to grant a continuance may be assigned for error, it is
still a matter which is left largely in the discretion of the pre-
siding judge, who can, on a motion for a new trial, having
heard all the evidence, review his own decision made on the
application for continuance, and correct any injury done the
defendant, by awarding a new trial. We have carefully con-
sidered the application, and for several reasons are satisfied
that the court did not err in refusing the continuance. In the
county from which the case had been removed, the defendant
had been granted one continuance for the purpose of enabling
him to procure the attendance of the witnesses named. There
is, furthermore, no allegation in the affidavit that there are no
other persons known to defendant by whom the same facts

could be proved, the nature of which (as stated in the affidavit) was such that there must, of necessity, have been a number of other persons by whom they could have been established; for it cannot be that the general character of a person is known to only two or three individuals. Ample time had elapsed after the first continuance, and before the trial, for the defendant to have caused process to issue for witnesses other than those named. It was not shown that the witnesses named had ever been summoned; their places of residence were not stated; the matter to which they were expected to speak was not material to the issue; and, finally, the witness whose credibility was proposed to be assailed was so supported in her testimony by other facts and circumstances proved that it is scarcely possible that the effect of her testimony could have been obviated by any evidence of her bad character for veracity.

There is no merit in the objections to the indictment. An allegation in an indictment preferred by "the grand jurors of the State of Mississippi, empanelled, elected, sworn, and charged to inquire in and for the body of Tishomingo County, State of Mississippi," that the offence was committed in "said county of Tishomingo," certainly charges the commission of the offence in the State. The charge that the crime was committed on the "twentieth day of April, 1880," is equivalent to a charge that it was done on the "twentieth day of April, A. D. 1880;" besides, the indictment would be valid if no date was averred when the crime was committed. Code 1871, sect. 2803. The words *contra forma* are not essential. Code, sect. 2884. And the indorsement by the clerk, "filed," is sufficient evidence that the indictment was properly found by the grand jury and returned into court. Acts 1878, p. 199; Code 1880, sect. 3006. It was not error to exclude the juror T. B. Hale. *Jones* v. *The State*, 57 Miss. 684.

The evidence was rightly admitted to show the flight of the accused. The fact of flight is one from which, with other facts proved, the jury may infer guilt. Its value is ordinarily slight, but circumstances may invest it with peculiar force. Such

evidence is admissible upon the same ground that evidence of confusion, embarrassment, or prevarication is admitted. It is not usual for innocent men to flee from the scene of crime, and, ordinarily, it is a reasonable inference that one who fled because of a crime committed had some connection with it; but the evidence must, like all other testimony, be considered in connection with all the facts in proof, and that weight given to it which, on such consideration, it is entitled to have. Whart. Cr. Law, sect. 714.

We cannot say that the court erred in refusing to permit counsel for the accused to read to the jury, during his argument, extracts from " Phillips' Famous Cases on Circumstantial Evidence," or " certain decisions of the Supreme Court of this State." The record does not show what it was he proposed to read, and we are therefore unable to say that the judge erred, or that the defendant was injured by such refusal. No unnecessary restrictions ought to be imposed by the court upon counsel during their argument, but much must be left to the discretion of the presiding judge; and where complaint is made of an abuse of such discretion, it must be made clearly to appear in what the abuse consisted. In the absence of evidence to the contrary, we must presume that the court did not refuse any proper privilege or latitude to the counsel in his argument.

During the cross-examination of Mrs. Lowrey (who was the principal witness for the State), counsel for the defendant having proved by her that she was a widow, whose husband had some time before been killed, and that a negro and a white man had been tried and convicted for the murder, propounded to her the following questions, which were objected to by the district attorney: —

(The objections sustained, and the witness instructed not to answer.)

1. Did you not testify in favor of the men who were charged with the murder of your husband? 2. Did you not do all in your power to have them acquitted of said charge? 3. Did you not employ counsel to defend them? 4. Did you have

any property, and what did it consist of? 5. Did you not give to the attorney a deed of trust on the property to employ him to defend the men charged with the murder of your husband? 6. Did you not run the property off to prevent him getting his money? 7. Do you not know that there is now a criminal charge against you in Oktibbeha County for removing property while under a deed of trust? 8. Were you ever in jail? 9. Don't you know that you were arrested, tried, and placed in jail in the county of Oktibbeha under a charge of aiding in the murder of your husband? 10. How did you make your living while there? 11. Will you swear that you aided in no way in the murder of your husband? In addition to these questions, a number of others were asked for the purpose of showing bias against the defendant, which were not objected to, and were answered.

The object of the questions above set out evidently was to attack the credibility of the witness, by showing the immorality of her previous life, and circumstances calculated to induce the jury to suspect her of complicity in the murder of her husband, or at least that she had sympathized with those who were guilty of his murder. In *Head* v. *The State*, 44 Miss. 731, it is said by the court that it is admissible to attack the credibility of a witness by proving that she was a prostitute; and questions similar to the tenth question above were declared competent.

The authorities are exceedingly contradictory upon the admissibility of evidence of general bad character, other than that for veracity, to impeach the credibility of a witness. In Kentucky, Missouri, North Carolina, and Tennessee such evidence has been held admissible. 3 A. K. Marsh. 260; 17 B. Mon. 195; 13 Mo. 236; 2 Dev. L. 209; 1 Head, 38. In Illinois, Alabama, Iowa, Kansas, Maine, Ohio, Texas, and Virginia a contrary view prevails. 11 Ill. 367; 18 Ala. 521; 1 Greene (Iowa), 171; 4 Kan. 524; 19 Me. 375; 5 Ohio, 605; 23 Texas, 675; 6 Gratt. 706.

In this State it was held, in *Newman et al.* v. *Mackin*, 13

Smed. & M. 383, that evidence as to the character of the wit-
ness must be confined to character for veracity; and in an
anonymous case (37 Miss. 54) it was held, that while in an
action for bastardy it was competent to ask the prosecutrix
whether or not, at about the period of conception, she had
had intercourse with other persons than the defendant, it was
not allowable to investigate her conduct or character at any
other period of her life, because her chastity, or want of chas-
tity, could not affect the issue then being tried, nor was it
admissible so to impeach her credibility. We prefer the rule
as established in the earlier cases, and overrule the case of
*Head* v. *The State* in so far as this point is thereby otherwise
decided.

The court below, at the instance of the State, instructed the
jury as follows: "If the jury believe from the evidence that
the defendant killed the deceased without provocation, and in
the killing used a deadly weapon, then the law presumes
malice aforethought, unless the defendant, by proof to the sat-
isfaction of the jury, has shown that he killed the deceased in
self-defence, or by accident, or other excusable circumstances."

In the case of *Hawthorne* v. *The State, ante,* p. 778, we
found it necessary to reverse the judgment because of an in-
struction very similar to this. The same result would follow
in this case but for the fact that the error is cured by the
instructions asked and given for the defendant. It is unneces-
sary to do more than repeat what was said in that case, viz. :
that the defendant is not required, in any phase of any case,
to prove his defence to the satisfaction of the jury, or to pro-
duce evidence to satisfy the jury. It is enough if either the
evidence of the State or of the defence leaves the guilt of the
defendant reasonably doubtful.

The court was asked to instruct the jury, for the defendant,
that "though there might have been an old difficulty between
Smith and Burt, yet if this had been settled, and upon a new
and sudden falling out Smith had killed Burt, such killing
would not be murder, but manslaughter, and the jury should

so find,'' which instruction the court refused to give. This instruction was properly refused, both because there was no evidence which warranted it, and because it does not correctly define the crime of manslaughter. To reduce a homicide from the grade of murder to manslaughter, the killing must not only be done in the heat of passion, but the provocation must be sufficient to negative the inference of malice.

There is no error in the proceedings, and the judgment is affirmed.