## L. C. LEA *v.* THE STATE.

1. RETAILING LIQUOR. *Indictment for, whether double.*
   An indictment is not bad as being double, because it charges in the same count the unlawful sale of "vinous and spirituous liquors." *Murphy* v. *The State,* 28 Miss. 637, cited.

2. SAME. *Indictment for. Name of person to whom liquor sold. Effect of omission of.*
   In an indictment for retailing liquors without license, it is not necessary to set out the name of the person to whom such liquors were sold, since the statute in such case forbids the sale irrespective of persons.

3. CRIMINAL PRACTICE. *Failure to prove venue. How objected to. Section* 1433, *Code of* 1880, *applied.*
   Under ¿ 1433, Code of 1880, which provides that a judgment in a criminal case shall not be reversed "because of any error or omission in the case in the court below, unless the record shows that the errors complained of were made a ground of special exception in such court," this court will not reverse a judgment where a defendant is convicted of retailing liquors without license, because no proof of venue was made, unless the point was brought specially to the attention of the court below and not generally by a motion for a new trial on the ground that verdict was contrary to the law and the evidence.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

L. C. Lea was indicted at the April term, 1885, of the Circuit Court of Tate County for retailing vinous and spirituous liquors without license. The indictment charges that L. C. Lea, on April 6, 1885, "in the county of Tate aforesaid and State aforesaid, unlawfully did sell vinous and spirituous liquors in a less quantity than one gallon without having a license so to do." The defendant moved to quash the indictment (1) because it is double in charging the sale of different kinds of liquors; (2) because the indictment fails to set out the name of the party or parties to whom the liquors were sold. The court overruled this motion. No evidence as to when the liquors were sold was introduced on the trial. The jury found the defendant guilty. He then moved for a new trial on the ground that the verdict of the jury " is contrary to the law

Brief for the State.

and the evidence." The court overruled the motion and the defendant appealed.

*Shands & Johnson,* for the appellant.

1. There is nothing in this indictment that in any manner locates or points out the specific selling of liquors that the defendant is called upon to defend against, unless it be the allegation of the time of the sale, the fourth day of April, 1886. But time not being of the essence of this offense, the statement of it is not and was not intended by the pleader to be a part of the description of the crime. Code, § 3013 ; *Miazza* v. *The State,* 36 Miss. 615. Under this indictment, the defendant could have been tried for any single offense of selling whisky which occurred at any time within two years next before the finding of this indictment, whether it was the same offense for which he was presented by the grand jury or not. Is this the spirit and intention of the law upon this point? *Murphy* v. *The State,* 24 Miss. 593 ; *Shabe Williams* v. *The State,* 42 Miss. 329. We are aware that the point we here press has been adversely decided in an elaborate opinion by the court in case of *Riley* v. *The State,* 43 Miss. 412, and tacitly taken for established against us in the case of *Miazza* v. *The State,* 36 Miss. 615. We ask the court to carefully examine these cases and reconsider this question. We submit that there is no more reason in trying a defendant upon a general and sweeping charge of whisky selling than there would be in trying him upon a general and sweeping charge of murder.

2. There is a total want of proof of venue in this case. If we are mistaken upon all other points, we ask for a reversal upon this. *Thompson* v. *The State,* 51 Miss. 353.

*T. M. Miller,* Attorney General, for the State.

To support the indictment I am content to rely on *Riley* v. *The State,* 43 Miss. 397, and the cases therein reviewed. Nothing can be better settled in this State. See also 2 Wharton C. L., § 2445. Presumably when the later constitution was adopted the views of the courts upon the sufficiency of indictments of this character to inform the accused of the " nature and cause of the accusation " were well understood, yet that instrument was not altered in the particular considered.

Since to maintain the plea of former jeopardy it is permissible in these cases to go outside the record to show the proof made, no harm can be done the defendant. See *Noonan* v. *The State*, 1 S. & M. 562.

Another protection is afforded to the accused under indictments in this form, and that is where the evidence discloses several successive offenses, any one of which would sustain a conviction, the prosecution (unless the charge is for a continuous offense) must elect the offense which it will pursue, and when this is done proof of the others will be excluded. Wharton on Cr. Ev., § 104, and cases cited.

ARNOLD, J., delivered the opinion of the court.

There is no merit in the objection made to the indictment that it is double, because it alleges in the same count that both vinous and spirituous liquors were sold. The selling of one or both, as charged, was criminal. *Murphy* v. *The State*, 28 Miss. 637.

We are satisfied with the decisions in this State, which hold that in an indictment for selling liquor it is not necessary to allege the name of the person to whom it was sold. Wharton says that this is the general rule on the subject, and that in view of the fact that the offense is not directed against an individual, but, like nuisance, is directed against the community, the name of the vendee may be omitted in all cases where the statute forbids sales irrespective of persons. Whart. Cr. L., § 2445.

The record fails to show that any proof of venue was made in this case, but it does not appear that this error or omission was made a ground of *special exception* in the court below, and without such exception being made in that court the judgment, under § 1433 of the code, cannot be reversed here on that account. *Ex parte Phillips*, 57 Miss. 357; *Spivey* v. *The State*, 58 Ib. 743; *Flemming* v. *The State*, 60 Ib. 434; *Hunt* v. *The State*, 61 Ib. 577; *Wither* v. *The State*, 61 Ib. 717. The motion, in general terms, that the verdict was contrary to the law and the evidence, was not a compliance with the statute. The attention of the court

should have been called specifically to the point that no proof of venue had been made. Authorities *supra.*

In this and three other cases against appellant for a like offense the same errors are assigned, and the judgment in each is

*Affirmed.*