## H. C. BURNETT *v.* THE STATE.

1. CRIMINAL PROCEDURE. *Affidavit. Venue. Failure to object. Code 1892, §§ 86, 1354, 1356.*

   Since, by § 2420. code 1892, the criminal jurisdiction of a mayor as *ex officio* justice is restricted to the corporate limits, an affidavit before him charging a misdemeanor to have been committed in the district in which the town is situated, but not averring that it was in the town, states an imperfect venue; but, the affidavit being amendable under §§ 86, 1354, 1356 of the code, objection must be made before the jury is impaneled. *Smith* v. *State*, 58 Miss., 867.

2. SAME. *Venue not proved. Failure to object. Code 1892, § 4370.*

   Failure to prove the venue can be assigned for error only when made ground of special objection in the trial court. Code 1892, § 4370; *Lea* v. *State*, 64 Miss., 201.

3. UNLAWFUL RETAILING. *Evidence. United States revenue license.*

   On a trial for unlawful retailing, it is competent for the state to show that accused had paid the license fee. and secured the stamp from the United States authorizing him to sell intoxicating liquors.

FROM the circuit court of Choctaw county.

HON. C. H. CAMPBELL, Judge.

The case is stated in the opinion.

*W. A. Haden,* for appellant.

Evidence that accused paid the federal revenue license tax was incompetent. It had no tendency to show that defendant sold whisky, as alleged, to one Rutledge.

Failure to allege and prove the venue was a fatal omission, and objection can be made here for the first time. As to the venue, see *Heggie* v. *Stone,* 70 Miss., 39. I think the case comes within the reason of the rule laid down in *Bryant* v. *State,* 65 Miss., 435.

*Frank Johnston,* attorney-general, for the state.

It was perfectly competent, in corroboration of the state's witness, to show that defendant, who denied selling the whisky, had obtained a federal revenue license, thus proving that he contemplated and prepared for just such an act as is charged.

The objections as to the venue are not well taken. The affidavit charged a sale in Choctaw county, and the proof showed such a sale.

COOPER, C. J., delivered the opinion of the court.

An affidavit charging defendant with the unlawful sale of intoxicating liquor was made before the mayor of the town of Ackerman. The offense was alleged to have been committed " in district No. 5, in Choctaw county," in which county Ackerman is situated. On the trial before the mayor, who is *ex officio* a justice of the peace, the appellant was convicted. He appealed to the circuit court, and, being again convicted, prosecutes this appeal. In this court the appellant, for the first time, makes the objections (1) that the affidavit on which he was prosecuted does not lay the venue of the offense within the corporate limits of the town of Ackerman; (2) that on

the trial no proof was made that, in fact, the alleged sale was within said corporate limits. Under the law, mayors of incorporated towns not having elected police justices, are *ex officio* justices of the peace for the district included within the corporate limits. Code 1892, § 3001. And the criminal jurisdiction of justices of the peace is confined to the limits of their respective districts, unless there be no justice in the district in which the offense is committed qualified to try the accused, in which event any justice of the peace of the county has jurisdiction. Code 1892, § 2420.

If the defendant had objected, in the circuit court, to the sufficiency of the affidavit on which he was being tried, the same might have been amended. Code, § 86. But the venue, as laid, was an imperfect one, for it may be that the place at which the offense was committed in "district No. 5, in Choctaw county," was also within the corporate limits of the town of Ackerman, and an indictment is not insufficient "for want of a proper or perfect venue." Code, § 1356. *Smith* v. *State*, 58 Miss., 867. The place where the alleged offense was committed was not of the essence of the offense, for a sale anywhere in the county was an offense. The defendant should, therefore, have made objection to the affidavit before the jury was impaneled. Code 1892, § 1354.

The fact that no proof of venue was made not having been made the ground of special exception in the court below cannot now be assigned for error. Code 1892, § 4370; *Lea* v. *State*, 64 Miss., 201; *Hunt* v. *State*, 61 *Ib.*, 577.

The court properly admitted evidence of the fact that appellant had paid the license fee and secured the stamp from the United States authorizing him to sell intoxicating liquors. This license was of no value to the defendant unless he intended to do the acts it authorized, and that he prepared to engage in retailing liquor by securing the stamp, and kept it exposed to view as one actually engaged in that business was required by the act of congress to do, is strongly suggestive of the fact

that he was actually selling intoxicants.    While the question under investigation was whether the appellant was guilty of making the particular sale testified to by the state's witness, the strong probative force of the contested evidence made it relevant to the issue being tried.

*The judgment is affirmed.*