STEPHEN F. MAYES, Respondent, v. ST. LOUIS, KEOKUK
& NORTHWESTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 4, 1897.

1. **Venue**: PROOF: JUDICIAL NOTICE. In an action against a railroad
for negligently killing a horse and demolishing a wagon at a public
crossing, it was necessary to prove that the accident occurred in the
township where the suit was brought. The courts can not take judi-
cial notice of township lines. *Blackenstoe v. R. R.*, 86 Mo. 492.

2. **Contributory Negligence**: JURY QUESTION. In approaching a
railroad crossing upon the highway, one must look and listen, before
he attempts to cross, as a matter of law. But whether, in a given
case, he should do more, is a question of fact for the jury.

*Appeal from the Louisiana Court of Common Pleas.*—
HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*Palmer Trimble* and *J. W. Watson* for appellant.

Proof that the accident occurred within the town
of Clarksville was not sufficient to warrant the jury in
finding that it occurred in the township of Calumet as
alleged in the statement. *Blackenstoe v. R. R.*, 86 Mo.
492, and citations; *Whitesides v. R'y*, 49 Mo. App. 250.

Before attempting to drive across a railroad track,
one must look and listen for approaching trains; and,
if necessary, because of noise of the vehicle, or other
reason, must stop for that purpose. *Henze v. R. R.*,
71 Mo. 636; *Smith v. R'y*, 52 Mo. App. 36, 40; *Hixon
v. R'y*, 80 Mo. 335; *Hayden v. R'y*, 28 S. W. Rep.
(Mo.) 74.

Where a view of the track is obstructed by stand-
ing cars, or otherwise, increased caution is required on
the part of one driving across it, and it is then espe-

cially his duty to stop and listen. *Stepp v. R'y*, 85 Mo. 229, 235; *Damrill v. R'y*, 27 Mo. App. 202, 206; *Hixon v. R'y*, *supra; Kelly v. R'y*, 88 Mo. 534, 548; *Tucker v. Duncan*, 8 Fed. Rep. 867, 872.

If there is any place on the highway convenient to the crossing from which an approaching engine or train might be seen, one who is about to cross, and does not avail himself of it, is guilty of contributory negligence. *Kelsay v. R'y*, 30 S. W. Rep. (Mo.) 339, 341; *Turner v. R'y*, 74 Mo. 602.

*Sam Sparrow* and *Pearson & Pearson* for respondent.

To warrant this court in reversing the findings of the trial court and jury, and say that plaintiff's driver was guilty of contributory negligence, it must appear that no other conclusion is fairly deducible from the evidence, giving him the benefit of every reasonable inference that may be drawn from it. *Kenney v. R. R.*, 15 S. W. Rep. (Mo.) 986; *McNown v. R. R.*, 55 Mo. App. 591; *Weller v. R. R.*, 23 S. W. Rep. (Mo.) 1061; *Petty v. R. R.*, 88 Mo. 306; *Keim v. R. R.*, 90 *Id.* 314; *Wilkins v. R. R.*, 101 *Id.* 93; *Dixon v. R. R.*, 104 *Id.* 492; *Jennings v. R. R.*, 20 S. W. Rep. (Mo.) 490.

The presumption is that plaintiff's driver did his duty until the contrary is shown. *Bluedorn v. R. R.*, 18 S. W. Rep. (Mo.) 1106; *Petty v. R. R., supra; Stepp v. R. R., supra; Schlereth v. R. R.*, 96 Mo. 509; *Crumpley v. R. R.*, 111 Mo. 158.

If the plaintiff's driver conducted himself, under the circumstances, with that care and circumspection which might be expected of one of ordinary prudence, then he was not guilty of contributory negligence. *Kenney v. R. R., supra; McNown v. R. R., supra*, and citations.

BIGGS, J.—This case originated before a justice of the peace in Calumet township in Pike county. It appears from the record that the plaintiff sued the defendant for negligently killing his horse and demolishing a delivery wagon, at a public crossing in the city of Clarksville. The plaintiff recovered before the justice and also in the appellate court. At the close of the trial in the latter court the defendant demurred to plaintiff's evidence. The demurrer was overruled and the defendant excepted. The defendant introduced no evidence. The finding and judgment were for the plaintiff, and the defendant has brought the case here by appeal.

The judgment in this case will have to be reversed for failure to prove that the horse sued for was killed in the township where the suit was VENUE: proof: judicial notice. brought. The plaintiff introduced evidence tending to prove that his horse was killed and his delivery wagon demolished by being negligently run over by an engine operated on the defendant's railroad, and that the accident occurred at a public crossing in the city of Clarksville. He failed to show, either directly or inferentially, that the city of Clarksville was in Calumet township where the suit was brought. This was essential. Section 6126, R. S. 1889; *Porter v. Railroad*, 66 Mo. App. 623, and cases cited. Proof that the accident happened within the corporate limits of the city of Clarksville is not sufficient. The courts can not take judicial notice of township lines. *Blackenstoe v. Railroad*, 86 Mo. 492.

For the information of the court on a retrial it is proper to indicate our opinion on the other ground of nonsuit. The contention is that under the circumstances it was the duty of the driver of the CONTRIBUTORY negligence: jury question. horse to stop before attempting to make the crossing, and that as he admitted he

did not stop, the court should have held him guilty of contributory negligence as a matter of law. The law is well settled that in approaching a railroad crossing a traveler upon the highway must look and listen for the cars. This quantum of care is prescribed as a matter of law. Beach on Neg. [2 Ed.], section 180. But whether he should do more in a given case,—that is, stop the vehicle in which he is. riding, or take other precautions, is a question of fact for the jury, and not of law for the court. We understand this to be the purport of the decisions in this state. *Weller v. Railroad*, 120 Mo. *loc. cit.* 648.

For the reason stated the judgment of the lower court will be reversed and the cause remanded. All the judges concur.