. DAVID MONROE v. STATE.

[60 South. 773.]

CRIMINAL LAW. *Appeal and error. Review. Jurisdictional errors. Code 1906, section 4936.*

Under Code 1906, section 4936, providing that a judgment in a criminal case shall not be reversed because of any errors in the case in the court below except where the errors or omissions are jurisdictional, in their character, unless the record shows that the errors complained of were made ground of special exception in that court, the failure of the state in a misdemeanor case to prove that the crime was committed within the district of the justice of the peace in whose court the case originated, may be reviewed on appeal to the supreme court, although not raised below, since the venue in a criminal case is jurisdictional.

APPEAL from the circuit court of Marshall county.
HON. H. K. MAHON, Judge.

David Monroe was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*W. A. Belk,* for appellant.

In *Rodgers* v. *City of Hattiesburg,* 99 Miss. 643, this court has said: "The question of jurisdiction can be

raised at any time. It may be raised for the first time in this court. The court, of its own motion, will dismiss an appeal where it has no jurisdiction.''

Assignment of error No. 1—''Justice of the peace shall have jurisdiction, concurrent with the circuit court of the county over all crimes occurring in their several districts whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail.'' Mississippi Code 1906, par. 2749.

It will hardly be questioned that upon appeal the circuit court has no greater jurisdiction than the magistrate's court where the case originated by affidavit, and that the jurisdiction, upon the appeal, of the circuit court depends upon the jurisdiction in the magistrate's court. Even in civil cases it has been held that ''If the justice's court has no jurisdiction, the circuit court has none.'' 59 Miss. 15; 79 Miss. 53.

In order, therefore, to acquire jurisdiction, on appeal, it became necessary on the trial in the circuit court to show that Mosby, the justice of the peace, had jurisdiction to try this case. If he had none, then the circuit court had none on appeal. The district attorney, Mr. Knox, fully recognized this fact and made two efforts in vain to make this proof. He even recalled Ford, the sheriff, to make this proof but he only proved the venue of the county and state. This court has also recognized this to be the law. See State v. Martin, 59 So. 7. In that case the state closed without having proven this venue of the justice of the peace and the trial court directed a jury and verdict of not guilty and overruled the motion of the state to reopen the case and prove that the offense had occurred in district No. 3. Upon appeal by the state this honorable court said, ''It was manifest error on the part of the court below not to allow the state to reopen the case and prove the venue.'' See Martin v. State, 59 So. 7.

Nowhere in the case now at bar was the proof made that the alleged offense was committed in district No.

1. The affidavit lays the venue specifically in district No. 1. Wherefore the circuit court was without jurisdiction to try the case.

*Frank Johnston,* assistant attorney-general, for the state.

Section 4936 of the Code of 1906 governs the case in respect to the requirement that all objections on the subject of venue should be made in the court below. This is a re-enactment of section 4370 of the Code of 1892. And the same statute appears also in section 1433 of the Code of 1880.

This court expressly held in *Burnett* v. *State,* 72 Miss. 994, that a failure to prove the venue can be assigned for error on appeal only when made a ground of special objection in the trial court. Precisely the same rule was announced in *Lea* v. *State,* 64 Miss. 201 and in *Whitten* v. *State,* 61 Miss. 717.

The reasons for this statutory rule are twofold: 1st. The failure to prove the venue is presumably a curable error if the objection is seasonably made in the trial court in the progress of the trial. The objection can be made in several ways. For illustration, it could be made on motion to exclude the evidence for the state, or it could be made in the instructions. If made seasonably the objection could be obviated by the state's attorney. 2d. Point not made and questions not presented in the trial court ought not to be permitted to be raised for the first time on appeal. No point which could be cured in the trial court, if a seasonable objection were interposed, should be considered on an appeal for the first time in this court; for this court is a court of review, and not a court of original jurisdiction. The function of an appeal to this court is to review the action of the trial court and upon questions presented to and decided by the lower court.

I do not suggest that such a rule of appellate procedure and practice could extend to and be applied to a case

coming to this court on appeal where the trial court had no jurisdiction. But it does apply to a case on a question of venue, as has been settled and adjudged by this honorable court in the cases cited on this brief.

It would be a bad course of procedure, and often a cause of a failure of justice to permit a defendant to withhold an objection of a technical character on a point which could be readily remedied and cured if made in proper time on the trial, and then raise the question for the first time on an appeal.

As illustration of the statutory method of treating the question of venue, the attention of the court is called to section 1426 of the Code of 1906 in which it is provided that an indictment shall not be adjudged insufficient ''for the want of a proper or perfect venue.''

I will add in conclusion that the venue, so far as the county and state are concerned, was clearly proven, and I submit to the court whether the statement of Mr. Knox is not, fairly considered, evidence of the fact that this was in the justice's district.

Smith, C. J., delivered the opinion of the court.

Appellant, having been convicted in the court of a justice of the peace of the unlawful sale of intoxicating liquor, appealed to the circuit court, and, being there again convicted, appeals to this court.

The evidence discloses the county and state in which the crime is alleged to have been committed, but is wholly silent as to whether or not it was committed within the district of the justice of the peace in whose court the case originated, and thus fails to show that he, and consequently the circuit court on appeal, had jurisdiction to try the case. No exception was taken to the failure to prove the venue in the court below, that point being made in this court for the first time.

In support of the contention that this objection cannot be raised here for the first time, we are referred by the

attorney-general to the cases of *Burnett* v. *State*, 72 Miss.
994, 18 South. 432, and *Lea* v. *State*, 64 Miss. 201, 1
South. 51, wherein it was held that failure to prove the
venue can be assigned for error only when made ground
of special objection in the trial court. These cases on
this point were predicated upon section 1433 of the Code
of 1880, which section was brought forward without ma-
terial change in the Code of 1892 as section 4370 there-
of, and was as follows: "A judgment in a criminal case
shall not be reversed because the transcript of the rec-
ord does not show a proper organization of the court be-
low or of the grand jury, or where the court was held, or
that the prisoner was in court during the trial or any
part of it, or that the court asked him if he had any-
thing to say why judgment should not be pronounced
against him upon the verdict, or because of any error or
omission in the case in the court below, unless the record
shows that the errors complained of were made ground
of special exception in that court."

When this section was brought forward into the Code
of 1906, as section 4936 thereof, it was materially changed
by the insertion between the words "below" and "un-
less," in next to the last line thereof, of the words "ex-
cept where the errors or omissions are jurisdictional in
their character." The venue in a criminal case is ju-
risdictional, and therefore within the above exception in-
grafted upon this statute in the Code of 1906, and the
record on appeal must affirmatively show that it was
proven. *Coon* v. *State,* 13 Smedes & M. 246; *Thompson*
v. *State,* 51 Miss. 353; *Isabel* v. *State,* 58 South. 1.

*Reversed and remanded.*