ELZEY *v.* STATE.

[70 South. 579.]

CRIMINAL LAW. *Appeal. Venue. Judicial notice.*

> On an appeal to the circuit court from a conviction of a misdemeanor by a justice of the peace, it is necessary for the state to show the venue of the offense, and where the only proof of venue was that the offense occurred within a named city it was insufficient, since the court cannot take judicial notice of what justice's court district a named city is in. The districts of a county being determined by order of the board of supervisors of the county, and by such order may be and are sometimes charged.

APPEAL from the circuit court of Harrison county.

HON. JAS. H. NEVILLE, Judge.

Samuel Elzey was convicted in a justice of the peace court for abandoning his wife, and being again convicted on appeal to the circuit court, he again appeals.

The facts are fully stated in the opinion of the court.

*Mize & Mize,* for appellant.

The record shows that appellant was married on the 19th day of August, 1914, and that they lived together about eleven or twelve days. This was an appeal from the justice court of J. W. Farrish, the justice's record

being found at pages 2-10 of the record, the affidavit being found at page 2, showing that the affidavit was made in justice district number 1 of Harrison county, Mississippi;. and in the trial of the case in the circuit court the state must prove that the crime took place in the justice district in which the affidavit was made. *Monroe* v. *State* 103 Miss. 759; *Coon* v. *State,* 13 S. & M. 246;. *Thompson* v. *State,* 51 Miss. 353; *Isabel* v. *State,* 101 Miss. 371.

These cases hold that this question can be raised for the first time in the supreme court, because it is a matter of jurisdiction. However, this was raised in the lower court, and the court's specific attention was called to it by the peremptory instruction requested by appellant and also by the motion for a new trial as shown at page 18 of the record.

The fact that the witness testified that appellant and his wife separated in Biloxi, Mississippi, does not cure this error, nor can the court take judicial knowledge of what justice district the city of Biloxi is in, because the districts of a county are a matter of regulation by the board of Supervisors of each particular county and are regulated by orders placed on the minutes and can be changed at the will of the supervisors, so that a town might be in one district one month and the next month be in a different district, their authority being derived under sections 4111 and 4112 of the Code of 1906.

So we submit that a peremptory instruction should have been given for appellant. It was therefore error for the court to give the instruction for the state found at page 11 of the record and to overrule appellant's motion for a new trial found at page 18 of the record, no jurisdiction being shown to the court.

*Ross A. Collins,* attorney-general, for the state.

The case originated in the court of the justice of the peace but on the trial of the case in the circuit court appellant contends that jurisdiction of the court below

is not shown, the only testimony in regard thereto being on page 24 of the record when a witness was asked the following question: ''Where was she living when he left her? Answer: Biloxi, Mississippi.'' Nothing is shown as to the trial in the court below, nor is it shown that Biloxi is in the first district of said county, therefore the question decisive of this case is, whether or not the court may take judicial notice of the fact that Biloxi is in the first district of said county.

I have diligently sought to relieve the court of this burden by going into an exhaustive study of the authorities in the hope that I might find a case exactly in point, but I confess that I have been unable to do so, though it would seem that this question must necessarily have been often encountered, conceding it to be true that courts do not, unless provided by statute, take judicial cognizance of municipal ordinances, does it necessarily follow that an analogous reasoning is to be applied to the establishment of the supervisors districts in a county? The orders entered of record in establishing such districts, while not in the usual sense public statutes relate to matters of general interest and therefore are not strictly of local concern within the purview of the decisions denying judicial notice in matters strictly of local concern. Circuit courts would undoubtedly take judicial notice of the geographical position of all the political divisions of a state, such as counties, cities or villages and towns or townships and the limitations and boundaries therefore in so far as the same are prescribed by public statutes, and I submit that a court of general jurisdiction, such as the circuit court should take judicial notice of an act of a local or inferior court such as merely concerns the general public. The statutes (sections 4111 and 4112) delegate to the boards of supervisors the authority to prescribe the boundaries of the five districts of a given county and it is reasonable to suppose that a court of general jurisdiction will take cognizance that this authority has been prescribed in a definite manner and will, if the

manner therefore be not known to the court, ascertain.
from the prescribed orders the requisite facts.

"State courts take judicial notice of administrative
regulations of considerable notoriety established by im-
portant state boards, such as supervisors, but judicial
notice will not be taken of subordinate regulations con-
cerning the internal management of an office, or the re-
gulation of inferior boards, such as canal, civil service,.
or fish commissioners." 16 Cyc. page, 903.

In conclusion, I submit that this question is determin-
ative of the case under consideration, and in the light of
the foregoing, I respectfully submit that the case should
be affirmed.

POTTER, J., delivered the opinion of the court.

This case originated before a justice of the peace in
the city of Biloxi in Harrison county. Appellant having
been convicted of vagrancy in the justice's court, in that
he deserted his wife without cause, appealed to the circuit
court, and, again having been convicted, he appeals to this
court.

The only question in this case is whether or not the
record shows that the justice's court had jurisdiction of
the case when tried there. The only testimony found in
the record as to where the defendant was alleged to have
deserted his wife is as follows: "Q. Where was she
living when he left her? A. Biloxi, Miss."

In the trial of the case in the circuit court, it was neces-
sary for the state to show affirmatively that the alleged
crime was committed in the justice of the peace district
in which the affidavit was made. It is only necessary to
determine, therefore, whether or not the circuit court
can properly take judicial notice of what justice's court
district the city of Biloxi is in. The districts of a coun-
ty are determined by order of the board of supervisors
of the county, and by such order may be and sometimes
are changed. There is no public act establishing the boun-

daries of a supervisor's district, from which justices of the peace are elected. We are of the opinion that the court cannot take judicial notice of the supervisor's district in which a town or city is situated. *Backenstoe* v. *Wabash, etc., R. R .Co.,* 86 Mo. 492; *Mayes* v. *St. Louis, etc., R. R. Co.,* 71 Mo. App. 140.

The venue in this case was not sufficiently proven, and the case is therefore reversed and remanded.

*Reversed and remanded.*