HORTON *v.* STATE.

[86 South. 328.  No. 21246.]

CRIMINAL LAW. *Failure to prove venue is jurisdictional, and may be first raised on appeal.*

Failure to prove venue is jurisdictional error, and may be raised on appeal, even though no special exception was taken in trial court.

APPEAL from circuit court of Pontotoc county.

HON. CLAUDE CLAYTON, Judge.

Joe Horton was convicted of seduction and he appeals. Reversed and remanded.

*Geo. T. Mitchell,* for appellant.

In the brief for appellee, counsel admits that there was no proof of venue in the court below, but takes the position that as no special objection or exception on that account was made in the court below, it cannot be urged for the first time in this court. In support of his position, he cites the case of *Burnett* v. *State,* 72 Miss. 994, 18 So. 432.

The Burnett case was decided before the adoption of the code of 1906, section 4936 of the Code of 1906, providing that the judgment shall not be reversed for certain errors, is the same as section 4370 of the Annotated Code of 1892, with the addition of the following words: "except where the error or omissions are jurisdictional in their character." Above section of Code 1906, which is the same as section 3212 of Hemingway's Code, now provides that a judgment in a criminal case shall not be reversed "because of any error or omission in the case in the court below, except where the error or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court." Since the adoption of the Code of 1906, this court

has consistently held that the omission to prove venue is jurisdictional in its character, and that it is permitted by statute to assign such omission as error on the hearing of the appeal in this court even when exception has not been taken in the trial court. *Monroe* v. *State,* 60 So. 773; *Quillen* v. *State,* 64 So. 736.

Regardless of the above decisions in the court below, appellant asks for a peremptory instruction, which was refused by the court. It is my contention that this peremptory instruction covered failure to provide venue as well as every other failure on the part of the state to make out their case as prescribed by law. In the recent case of *Covington County* v. *Morris,* 84 So. 462, this court, in a civil case, held that on request for a peremptory instruction, the defendant is not required to then and there point out specifically the reasons upon which he bases his request for the directed verdict, but the request raises the point as to whether the plaintiff has proven his case in all of its essential requirements.

I insist, therefore, that the failure to prove venue in the court below is absolutely fatal to the verdict.

*William G. Hemmingway,* Assistant Attorney-General, for state.

As to failure to prove venue: "Failure to prove venue can be assigned for error only, and made ground for special objection or exception at the trial in the court below. *Burnett* v. *State,* 72 Miss. 994, 18 So. 432. This was not done, unless a peremptory instruction was construed as such. But the peremptory instruction is general, and not special, and will not contradict the rule as to special objection.

HOLDEN, J., delivered the opinion of the court.

The appellant was convicted of the crime of seduction. The record fails to disclose that the state proved the venue

of the offense, and for this jurisdictional error the judgment of the lower court must be reversed.

The contention by the state that, since no special exception was taken on account of the failure to prove the venue in the lower court, such error cannot be urged for the first time here, is untenable.   The *Burnett Case,* 72 Miss. 994, 18 So. 432, was a decision rendered under section 4370 of the Code of 1892, but this section appears as 4936 of the Code of 1906 (section 3212, Hemingway's Code), with the following added provision:

"Except where the errors or omission are jurisdictional in their character."

Since the adoption of the Code of 1906 this court has several times held that the omission to prove venue is jurisdictional in its character, and that such omission may be assigned as error on the hearing of the appeal, even though exception was not taken in the trial court.   *Monroe* v. *State,* 103 Miss. 759, 60 So. 773; *Quillen* v. *State,* 106 Miss. 831, 64 So. 736.

We omit passing upon the other errors assigned, as they may not arise again on a second trial.

*Reversed and remanded.*