## STATE *v.* SCHMITZ *et al.*

[91 South. 129, No. 22410.]

INDICTMENT AND INFORMATION. *Indictment charging manufacture of spirituous, vinous, malted, fermented, and intoxicating liquors, is not duplicitous.*

Under section 18, chapter 189, Laws of 1918 (section 2163t, Hemingway's Supplement), an indictment, charging the felonious manufacture of spirituous, vinous, malted, fermented and intoxicating liquors, is not demurrable on the ground of duplicity.

APPEAL from circuit court of Grenada county.

HON. T. L. LAMB, Judge.

Braxton Schmitz and others were indicted for manufacturing intoxicating liquors, their demurrer to the indictment was sustained, and the State appeals. Reversed and remanded.

*H. Cassedy Holden,* Special Assistant Attorney-General, for the state.

The indictment is not bad because of duplicity. It is a *verbatim* copy of the language of section 18, chapter 189, Laws of 1918, the violation of which it sought to charge. Almost this identical question here presented was settled in *Lea* v. *State,* 64 Miss. 201, 1 So. 57, wherein this court said: "There is no merit in the objection made to the indictment that it is double, because it alleges in the same count that both vinous and spirituous liquors were sold. The selling of one or both, as charged, was criminal." *Murphy* v. *State,* 28 Miss. 637.

A statute often makes punishable the doing of one thing or another, and an indictment under such a statute may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses to mention, employing the conjunction "and" where the statute uses "or" and it will not be double; and guilt of either act may be proved at the trial. *Coleman* v. *State,* 94 Miss. 860, 48 So. 181; *State* v. *Clark,* (Miss.), 52 So. 691.

The judgment should be reversed and the case remanded.

*Stone & Stone,* for appellees.

This is an appeal by the state from the sustaining of a demurrer to the indictment presented in this cause. The charging part of the indictment, leaving out the formal parts, is: "did wilfully, unlawfully and feloniously make, manufacture and distill spirituous, vinous, malted, fermented and intoxicating liquor." Our demurrer attacked this indictment on the ground mainly of duplicity, in that it charged a series of felonies in one count; that is, that it charged the distillation of spirituous liquors, which is a felony under the law of the state, and also charged the manufacture of malted and fermented liquor in the same count, which is also a separate and distinct felony, necessarily committed by a different process, and that under the law of the state, under the plain distinction that had been adhered to in the entire litigation in the state, this constituted duplicity of the most obvious kind.

First, we will take up the question of whether or not separate and distinct felonies can be charged in the same count of one indictment. Our authority on that is positive and unequivocal, and is shown in the case of the *State* v. *Walker,* 41 So. 8, where Judge MAYS, after an elaborate discussion of the proposition of the receipt of each deposit constituting a separate felony, winds up his opinion with this statement: "We think the action of the lower court was correct in sustaining the demurrer to the indictment, and after a careful research of authorities we can find no

authority that holds that separate and distinct felonies may be charged in the same count. Citing cases from Virginia, Texas, and Mississippi, we are certain that this case has never been overruled, and that the rule has never been otherwise in Mississippi, that each separate felony must stand alone in an indictment of one count."

Now with the point established that no two felonies can be charged in the same count, we turn to the proposition as to whether or not the indictment in the case at bar charges two separate felonies, and we refer first to the opinion of Judge FLETCHER in the case of *Smith* v. *State,* 94 Miss. 255, 49 So. 113, and that is a case where a man was charged with a sale of vinous and spirituous liquors and they attempted to gain a conviction by proving that he had sold beer, which is a malted liquor. We quote briefly from the opinion, which is short and to the point. There can be no serious doubt that beer as commonly prepared is a malted liquor as distinct from spirituous and vinous liquor. Also referring to the case of *George Boswell* v. *State,* 12 So. 445, where the distinction is recognized justifying Boswell in the running of a beer saloon altho he could not get license to run a whiskey saloon.

We also desire to refer to the supreme court of the United States in 152 U. S. the case of *Sarlls* v. *United States,* 38 Law Ed. 556, where Justice SHIRAS in a very comprehensive argument holds that lager beer is not a spirituous liquor but is a malted liquor; and while this case is thirty years old, we find that up to this good day it is the leading authority, and in fact, the concluding paragraph of the opinion shows that Congress recognized the plain distinction and provided to put beer in the prohibited list, a plain recognition of the fact that it had not before that time been prohibited. We have taken the trouble to examine the later annotations, and they show that the Sarlls opinion is still the leading authority on the point as to the distinction between spirituous liquor and malted liquor. We will not burden the court by quoting from the Sarlls opinion, but it argues the whole matter

out thoroughly and is very positive in its finding. Counsel for the state attempt to go back to the old Murphee case in 1855, for authority, but we call attention of the court to the fact that that old indictment charged, did then and there sell spirituous liquors, namely, whiskey, rum, gin and brandy, to a certain slave, etc., so counsel's case fails to constitute an authority on the case at bar.

Counsel then refers to the case of *Coleman* v. *State,* 48 So. 181, where somebody tried to make a distinction between the terms pointing and aiming a gun, and Judge FLETCHER in his opinion strikes the key to the situation, where he says that where a number of things are specified where a person in one transaction does all of them, he violates the statute but once and incurs only one penalty, and that a man who aims a gun, points the gun and does both at the same time, and therefore, there is no distinction, as there is no distinction between the act.

Counsel also refers to *Clark's case,* 52 So. 691, which is a case of mingling poison to kill and injure, and Judge ANDERSON hits the keynote in that case as Judge FLETCHER did in the other, by making the point that a person by one act does both of the forbidden things, and making the mixing the gravamen of the offense, and putting it in a class with the Coleman case, showing that there could not possibly be a distinction between the mixing to kill and the mixing to injure, as the charge was the mixing, thereby overruling the previous case of *Taylor* v. *State,* where a distinction had been attempted to be made between mixing to kill and mixing to injure. Both Judge FLETCHER and Judge ANDERSON, tho in short opinions, make the main point that a single act has constituted a violation of all that is condemned by the statute. That is the point that absolutely destroys the Coleman case and the Clark case as authority for the state in the case at bar.

It is admitted that spirituous liquor is manufactured by process of distillation and no way akin to the act of manufacturing malted liquor, in which process there is no resort to distillation, and there is not sort of doubt that

the distilling of spirituous liquor is a felony, and the fermenting and manufacture of malted liquor is a felony, and either one if properly charged and properly sustained by proof is sufficient to give a man the penalty of three years in the penitentiary. Under all our authorities this is the plain grouping of more than one felony in one count on an indictment and condemned by our law.

We submit that this case should be affirmed as the learned circuit judge sustained the demurrer on the ground of duplicity.

COOK, J., delivered the opinion of the court.

The appellees were indicted under the provisions of section 18, chapter 189, Laws of 1918, for manufacturing intoxicating liquors, and interposed a demurrer to the indictment. The demurrer was sustained by the court below, and from this judgment the state prosecuted this appeal.

The indictment reads as follows:

"The grand jurors for the state of Mississippi . . . upon their oaths present: That Braxton Schmitz, Jim Schmitz, and Ben Parsons, in said county, on the 26th day of July, A. D. 1920, did willfully, unlawfully, and feloniously make, manufacture, and distill spirituous, vinous, malted, fermented, and intoxicating liquors, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

The demurrer contained four grounds, and reads as follows:

"(1) The indictment charges no crime known to the law of the state of Mississippi.

"(2) The indictment is duplicitous, in that it purports to charge more than one felony in the same count of the indictment.

"(3) The indictment is vague and indefinite and misleading in its terms.

"(4) The indictment fails to inform defendants as to the exact nature and cause of the charge brought against them by the state of Mississippi."

Section 18, chapter 189, Laws of 1918 (section 2163t, Hemingway's Supplement), provides that any person, firm, or corporation, who shall, within this state, make, manufacture or distill any spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind, shall be guilty of a felony; and we presume the demurrer was sustained by the court below on the ground that the indictment is duplicitous, in that it purports to charge more than one felony in the same count.

In 10 Ency. of Pl. & Pr. at page 536, it is said: "When a statute enumerates several acts in the alternative, the doing of any of which is subjected to the same punishment, all of such acts may be charged cumulatively as one offense."

A somewhat similar question was presented in the case of *Lea* v. *State*, 64 Miss. 201, 1 So. 51, when this court said:

"There is no merit in the objection made to the indictment that it is double, because it alleges in the same count that both vinous and spirituous liquors were sold. The selling of one or both, as charged, was criminal."

The dominant purpose of the statute under which the indictment in this case is drawn is the suppression of the manufacture of any kind of intoxicating liquors, and the statute enumerates several acts in the alternative which are subjected to the same punishment. The indictment is drawn in the exact language of the statute, and a conviction may be sustained by the proof of the doing of any one of the forbidden things, and we conclude, therefore, that the indictment is not duplicitous.

The judgment of the court sustaining the demurrer will be reversed, and the cause remanded for a trial upon the indictment.

*Reversed and remanded.*