## O'NEAL *v.* STATE.[*]

(Division B. Oct. 5, 1925.)

[105 So. 496. No. 24902.]

CRIMINAL LAW. *Venue, laid in certain justice of peace district of county, not proved by evidence of sale in certain town.*

Necessary proof of venue on prosecution for sale of liquor, charged to have been made in a certain justice of the peace district of the county, is not made by evidence merely that sale was in a certain town in the county.

*Headnote 1. Intoxicating Liquors, 33 C. J., Section 525.

APPEAL from circuit court of Jefferson county.
HON. R. L. CORBAN, Judge.

J. Quit O'Neal was convicted of selling intoxicating liquor, and he appeals. Reversed and remanded.

*Truly & Truly,* for appellant.

We feel certain of obtaining a reversal on the question of venue. This prosecution began with an affidavit before Hon. T. L. DARDEN, justice of the peace of District No. 3 of Jefferson county, Mississippi, and charged that the appellant "did, in the county aforesaid, and in said justice district, on or about the 27th day of November,

A. D., 1924, wilfully and unlawfully sell alcoholic and intoxicating liquors against the peace and dignity of the state of Mississippi."

Proceeding on this affidavit it was necessary for the state, on the trial in the circuit court, to prove that the alleged crime occurred in Jefferson county, Mississippi, and in the third justice of the peace district thereof. See the following cases: *Monroe* v. *State,* 60 So. 773; *Cagle* v. *State,* 63 So. 672; *Quillen* v. *State,* 64 So. 736; *Norwood* v. *State,* 93 So. 354, and *Crosby* v. *State,* 101 So. 437.

The point that presented itself is whether or not the identification of the venue by giving the name of the town where the alleged crime occurred is a sufficient compliance with the burden imposed on the state. Fortunately for the appellant this very point has been presented to this court in at least two criminal cases, and the answer is in the negative. *Elzey* v. *State,* 70 So. 579, and *Slaton* v. *State,* 98 So. 838. These two cases are directly in point.

A question of venue is jurisdictional and may be raised for the first time in the supreme court. *Quillen* v. *State,* 64 So. 736; *Norwood* v. *State,* 93 So. 354.

*J. L. Byrd,* Assistant Attorney-General, for the state.

The one reference the record makes as to venue is found at page 32 of the record, wherein the witness says that Quit O'Neal's store was in Harriston, Jefferson county, Mississippi, but witness did not know in what justice of the peace district Harriston was.

We seriously doubt whether this is sufficient proof of venue, and we respectfully submit it to the court for its consideration.

HOLDEN, P. J., delivered the opinion of the court.

The appeal is from a conviction on the charge of selling intoxicating liquor in the Third justice of the peace

district of Jefferson county. At the trial, the state failed to prove the alleged sale took place in the said justice district No. 3 of said county, but attempted to prove venue by showing that the sale occurred in a town by the name of Harriston, in Jefferson county. The appellant contends the judgment should be reversed, because no venue was proven.

We think the point is well taken, and that proof that the sale took place in the Third justice district as alleged in the affidavit was necessary in order to establish the venue. Proof alone that the sale took place in a town is not sufficient, as held by this court in *Elzey* v. *State,* 110 Miss. 502, 70 So. 579.

*Reversed and remanded.*