Wood *v.* State.

Nov. 9, 1953

No. 38894 42 Adv. S. 35 67 So. 2d 605

*Brown & Elledge,* Fulton, for appellant.

*John E. Stone,* Assistant Attorney General, Jackson, for appellee.

Kyle, J.

The appellant, Mack Wood, was tried and convicted in a justice of the peace court in District No. 5 of Itawamba County on a charge of the unlawful sale of beer, and was sentenced to pay a fine of $300. He appealed the case to the circuit court, where he was again tried and convicted, and was sentenced to pay a fine of $300 and to serve a term of 60 days in the county jail. From that judgment he prosecutes this appeal.

The appellant's attorneys assign several errors as grounds for reversal of the judgment of the lower court, but only one point has been argued on this appeal; and inasmuch as the judgment must be reversed because of the failure of the State to prove that the offense was committed in justice of the peace District No. 5, as alleged in the affidavit, it will not be necessary for us to discuss the other assignments of error.

The affidavit upon which the appellant was tried was made before Otto Miller, a justice of the peace of District

No. 5, in Itawamba County; and the affidavit alleged that the offense was committed within the jurisdiction of the justice of the peace court of that district. During the trial of the case on appeal in the circuit court the State's chief witness, Van B. Clayton, testified that he purchased the beer from the appellant at the appellant's cafe near the state line on U. S. Highway No. 78; and in answer to the direct question, "In what district, county and state is that located?" the witness said, "Fourth district, Itawamba County, Mississippi."

In the case of Monroe v. State, 103 Miss. 759, 60 So. 773, the prosecution originated in the court of a justice of the peace. Upon the trial of the case in the circuit court, the evidence showed that the alleged crime had been committed in Marshall County; but there was no proof in the record to show that the crime had been committed in the district of the justice of the peace in whose court the case originated. This Court reversed the judgment of the lower court, and in its opinion said: "The venue in a criminal case is jurisdictional * * * and the record on appeal must affirmatively show that it was proven."

In the case of Slaton v. State, 134 Miss. 419, 98 So. 838, the case originated in the justice of the peace court of justice of the peace District No. 1 of Hinds County, and the affidavit charged the selling of whiskey in said district, county and state. The proof showed that the sale was made at Tougaloo, in the first district of Hinds County, Mississippi. This was the only proof that was made as to the venue of the offense. This Court reversed the judgment of the lower court on the ground that the proof of venue was insufficient; and the Court in its opinion said: "It is well settled in this state that the venue must be proven as charged in the indictment, and on the appeal of cases from the justice court the proof must show that the justice of the peace had jurisdiction to try the offense; that is, that the offense was commit-

ted in the justice of the peace district as well as in the county and state, and, in a case where there are two judicial districts in the county, that it was within the proper judicial district. Monroe v. State, 103 Miss. 759, 60 So. 773; Elzey v. State, 110 Miss. 502, 70 So. 579.''

In the case of Childres v. State, 136 Miss. 829, 101 So. 857, the question presented for decision was, whether a justice of the peace in District No. 2 could try a person charged with a misdemeanor which was committed in District No. 1 of the county. The Court answered that question in the negative, citing Slaton v. State, supra. In the case of Winborn v. State, 213 Miss. 322, 56 So. 2d 885, the Court held that only a justice of the peace of the district wherein the misdemeanor was committed is qualified to try the offender, unless it is shown by the record that there was no qualified justice of the peace in the district.

In the Winborn case, the affidavit charged and the proof showed, that the offense for which the appellant was tried was committed in District No. 2 of Greene County. The appellant was tried and convicted by John Brownlee, a justice of the peace of District No. 3. There was no showing in the record that there was not a justice of the peace in District No. 2 qualified to try the accused; and this Court held that in the absence of such showing in the record the justice of the peace of District No. 3 was without jurisdiction to try the case, and that the circuit court acquired no jurisdiction to try the case on appeal. In the Winborn case, there was no variance between the charge alleged in the affidavit and the proof. But in the case that we have here, there was a variance between the venue alleged in the affidavit and the venue proved in that the affidavit alleged that the offense was committed in District No. 5, while the proof showed that the offense was committed in District No. 4. Venue must be proved as alleged in the affidavit; and because of the failure of the State to prove the venue as

694

alleged in the affidavit, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Holmes* and *Lotterhos, JJ.,* concur.