## AUGUST F. BLESSE, Respondent, v. CATHERINE P. BLACKBURN et al., Appellants.

### St. Louis Court of Appeals, May 22, 1888.

PROMISSORY NOTE—TITLE OF PLAINTIFF.—In a suit on a promissory note, where it is denied that the signature of the plaintiff's endorser is genuine, and evidence is improperly admitted on that issue, it will not follow that a judgment for the plaintiff must be reversed. It was not material to the plaintiff's title that the signature was genuine. It appearing clearly from all the evidence that the plaintiff advanced the money and bought the note from the payee, to hold it for the accommodation of the makers, the judgment was manifestly for the right party, and it should be affirmed.

APPEAL from the St. Charles Circuit Court, HON. WILLIAM W. EDWARDS, Judge.

*Affirmed.*

T. F. McDEARMON and C. W. WILSON, for the appellants: The court erred in admitting any testimony in relation to the alleged signature of A. H. Beyl on the back of the note in suit. It was not necessary for him to indorse in order to entitle plaintiff to recover. A transfer by delivery was sufficient. *Patterson v. Cave,* 61 Mo. 439; 1 Danl. Neg. Inst., secs. 729, 741. The trial court erred in admitting in evidence the J. Phil. Hoehn check and the Union Savings Bank book, for the purpose of proving the signature on the back of the note to be that of A. H. Beyl, or for any other purpose. *State v. Clinton,* 67 Mo. 380, 383, 385; 1 Greenl. Evid., sec. 580; *State v. Scott,* 45 Mo. 304, 305, 306; *Rose v. Bank,* 91 Mo. 399. It was error to permit the plaintiff to examine the witnesses Beyl, J. P. Hoehn, W. W. Kirkpatrick, Jno. E. Stonebraker, and J. H. Alexander in relation to the identity of the signature or handwriting on the back of the note and check, and erred in admitting any of said testimony. *Rose v. Bank,* 91 Mo. 399; *State v. Clinton,* 67 Mo. 380. It was equally erroneous to admit this testimony on cross-examination. *Rose v. Bank,* 91 Mo. 380, 402, 403. If Ruenzi, one of the makers, produced the money and took up the note, it was a payment, and discharges the note. 2 Danl. Neg. Inst., p. 250, sec. 1221; *Wolff v. Walter,* 56 Mo. 292; *Quigley v. Bank,* 80 Mo. 289. It cannot be shown that he was acting as the agent of Blesse, so as to convert Blesse into a purchaser. 2 Danl. Neg. Inst., p. 251, sec. 1222. As the court sat as a jury in the trial of this cause, the rules as to the admission of evidence must be applied with the same stringency as if the cause had been submitted to a jury.

Carl Daudt, for the respondent: The court did not err in permitting the plaintiff to prove that Beyl assigned said note to plaintiff. It may be conceded that no endorsement by the payee was necessary to enable the plaintiff to maintain an action thereon in his own name; that transfer by delivery was *sufficient*. The issue, however, was plainly made by the pleadings, and plaintiff necessarily was put to his proof on that issue. Furthermore, a transfer by delivery of the note sued on did not invest the plaintiff with its legal title, but only with its equitable title, with the right to maintain an action thereon in his own name. *Boeka v. Nuella*, 28 Mo. 180; *Quigley v. Bank*, 80 Mo. 295. In order to prove that plaintiff held the legal title, that he was the legal holder of the note, it devolved on him to prove the written endorsement. The court did not err in admitting in evidence the I. P. Hoehn check. The witness Beyl, in his examination in chief, had positively sworn that the name "Henry Beyl" on the back of the note was not his signature; that he never signed his name in that way; that he always wrote his name on checks and notes "A. H. Beyl." Can it be pretended that it was not legitimate cross-examination to show that the witness, within a few months after said transaction, had endorsed his name on checks in the manner claimed by plaintiff? The J. P. Hoehn check was admitted by Beyl, in his cross-examination, to be genuine. Upon that admission, the check was introduced in evidence to enable the experts to use the same as a standard of authority, and to enable the court to make the comparison. *Rose v. Bank*, 91 Mo. 399. The only issue presented by this record is a question of fact. Did the plaintiff purchase the note, as alleged in his petition, or was that note paid as alleged in defendants' answer? This question of fact the trial court decided in favor of the plaintiff. The declarations of law given in the case are conceded to be correct. The judgment ought, therefore, to be affirmed.

THOMPSON, J., delivered the opinion of the court.

This action is brought upon a promissory note for the sum of two hundred and fifty dollars, executed May 11, 1881, payable eighteen months after date, to the order of Henry Beyl, bearing interest from date at the rate of eight per cent. per annum, jointly signed by the defendant, Catherine P. Blackburn, who is the principal debtor, and the defendant Feuerstein and also Joseph W. Ruenzi, as sureties. The petition alleges that the payee, Henry Beyl, assigned and delivered the note for a valuable consideration to the plaintiff, and that the plaintiff is the legal holder of it. The answer admits the execution of the note, but denies that it was assigned by Beyl to the plaintiff or that the plaintiff was the legal holder of it, and pleads payment. The cause was tried by the court sitting as a jury, and there was a finding and judgment in favor of the plaintiff.

The only exception which is brought to our attention is the ruling of the court upon an item of evidence. The note appeared to have been endorsed by Henry Beyl. It was thought material by the defendants to show that this endorsement was not the signature of Beyl. Beyl so testified on the witness-stand, though he broke down on cross-examination. What shook his faith in the genuineness of his own signature was the introduction of a check drawn by him, the signature of which was admitted to be genuine, and its use for the purpose of comparison with his alleged signature on the back of the note in question. We concede that this ruling of the court was not technically correct, under the rule recently laid down by the Supreme Court in *Rose v. Bank*, 91 Mo. 399. But it does not follow from this that the judgment in the present case is to be reversed. The signature of Beyl on the back of the note was not necessary in order to pass title to it to Blesse, and it was, therefore, not material to Blesse's title that the alleged signature was genuine. The evidence of Beyl was to the effect that the money was loaned by him to Ruenzi;

·that he demanded payment of Ruenzi after the note had been due for some time ; and Ruenzi brought him two hundred and fifty dollars, the face of the note, whereupon he delivered the note to Ruenzi, but without endorsing it, and charged the interest due on the note against Ruenzi on his books, which interest is still unpaid. The evidence of Blesse and of Ruenzi, the latter called as a witness for the defendants, was to the effect that when Beyl demanded payment of the note of Ruenzi, the latter went to Blesse and made an arrangement with Blesse that Blesse should advance two hundred and fifty dollars, for the purpose of taking the note up and having it transferred to him, Blesse ; that Blesse gave this money to Ruenzi ; that Ruenzi took it to Beyl, turned it over to Beyl, and received the note from Beyl ; that either Beyl endorsed his name upon the back of the note, or that the endorsement of Beyl's name was written by another man in the presence of Beyl and Ruenzi ; and that the note, thus endorsed, was delivered by Ruenzi to Blesse. In this transaction Ruenzi acted as the agent of his sister, Mrs. Blackburn, the principal maker of the note. This evidence is indisputable upon the record.

Such being the facts, it follows as a conclusion of law that the note was not paid. Payment is a question of intent, but the intent must be the intent of both the payer and the payee. Here it is immaterial whether or not Beyl supposed that the note was paid. As between the other parties to the transaction, it was a mere purchase of the note from Beyl with money advanced by Blesse, and a transfer of it to Blesse. Clearly, then, Blesse is entitled to recover upon the note. Whatever errors may have been committed at the trial, the judgment was for the right party, and we are prohibited from reversing it by the terms of section 3775 of the Revised Statutes. This conclusion has been reached by all the members of the court after much consideration.

The judgment will be affirmed. All the judges concur.