JOSIAH WHITESIDES, Respondent, v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 5, 1892.

Justices' Courts: JURISDICTION OF ACTION AGAINST RAILWAY COMPANY FOR KILLING STOCK. In order to warrant a recovery in an action against a railroad company instituted before a justice of the peace for the negligent killing of cattle, it must be shown that the cattle were killed in the township in which the action was commenced, or in an adjoining township.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Clark & Dempsey* and *Palmer Trimble*, for appellant.

*Joe Tapley*, for respondent.

ROMBAUER, P. J.—This is an action to recover damages for the negligent killing of plaintiff's cow by defendant's train. The amended statement, filed in the circuit court on appeal, averred that the killing occurred

in Burr Oak township, which adjoins Hurricane township. The suit was instituted in the latter township. The plaintiff recovered judgment upon his evidence, the defendant offering none. At the close of the evidence the defendant requested the court to instruct the jury that the plaintiff could not recover, and now assigns the refusal of this instruction for error.

There was no evidence tending to show that the killing occurred in Burr Oak township, or that the defendant operated a railroad in said township. Under the provisions of section 6126, Revised Statutes of 1889, suits of this character must be instituted either in the township where the killing occurred, or in an adjoining township. These facts, as the supreme court has frequently decided, are jurisdictional, and must be shown by the evidence. A mere allegation of the fact in the statement, unless admitted to be true, will not suffice. *Milburn v. Railroad*, 86 Mo. 104, 110; *Backenstoe v. Railroad*, 86 Mo. 492, 494; *King v. Railroad*, 90 Mo. 520, 522.

For this reason the defendant's demurrer to the evidence should have been sustained. The judgment is reversed and the cause remanded. All the judges concur.