RICHARD JONES, Respondent, v. THE CHICAGO, BURLINGTON & KANSAS CITY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 16, 1893.

1. **Railroads:** KILLING STOCK: CATTLE-GUARD: J. P.: ALLEGATION. A complaint before a justice of the peace for killing stock by reason of an insufficient cattle-guard should allege, *first*, there was a certain crossing over defendant's railway in a certain township; *second*, that adjacent thereto defendant had failed to erect and maintain proper cattle-guards, etc.; *third*, that by reason thereof plaintiff's mare passed from the crossing to the track, etc.

2. ——: ——: ADJOINING TOWNSHIP. Where an action before a justice of the peace for killing stock is brought in the township adjoining the one where the killing occurred, it should be so alleged in the complaint and shown by the evidence.

*Appeal from the Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Palmer Trimble, J. H. Carroll* and *H. D. Marshall,* for appellants.

(1) There was no evidence introduced tending to prove the averments of this petition that "Union township, in which the suit is brought adjoins Lincoln township in which said mare was killed." Hence the justice is not shown to have had jurisdiction, and the circuit court acquired none. Revised Statutes, 1889, sec. 6126; *Wright v. Railroad,* 25 Mo. App. 230; *Kinion v. Railroad,* 30 Mo. App. 573; *Michell v. Railroad,* 82 Mo. 106; *Jewett v. Railroad,* 38 Mo. App. 50; *Whitesides v. Railroad,* 49 Mo. App. 250; *Gilly v. Railroad,* 38 Mo. App. 579; *King v. Railroad,* 90 Mo. 520; *Backenstoe v. Railroad,* 23 Mo. App. 148; *Backenstoe v. Railroad,* 86 Mo. 492; *Hansberger v. Railroad,* 43 Mo. 196; *Wiseman v. Railroad,* 30 Mo. App. 517; *Palmer v. Railroad,* 21 Mo. App. 437. (2) Appellant objected to the introduction of any evidence as to the cattle-guards "near by," and demurred to all the evidence offered or introduced by plaintiff, on the ground that the complaint did not state a cause of action as to the cattle-guards "near by" The court overruled the objections and demurrer. This was error. *Vaughn v. Railroad,* 17 Mo. App. 14; *Morrow v. Railroad,* 82 Mo. 171; *Cecil v. Railroad,* 47 Mo. 249; *Davis v. Railroad,* 65 Mo. 44; *Johnson v. Railroad,* 76 Mo. 553; *Nance v. Railroad,* 79 Mo. 196; *Manz v. Railroad,* 87 Mo. 278.

*A. D. Christy* and *A. W. Mullins*, for respondent.

SMITH, P. J.—This suit was brought before a justice of the peace under the provisions of Revised Statutes, 1889, section 2611, to recover double damages for the killing of plaintiff's mare. The complaint alleged amongst other things "that defendant failed to erect and maintain a good and sufficient cattle-guard near by to prevent stock from going onto said railroad at or near said place where said animal was struck and killed." There was no further allegation therein relating to the cattle-guard. There was also the further allegation that "Union township in which the suit was brought adjoins Lincoln township in which said animal was struck and killed." There was a trial resulting in judgment for plaintiff from which defendant appealed.

The defendant challenges the judgment on the ground that the trial court erred in refusing to tell the jury by an instruction asked by it that upon the complaint and evidence the plaintiff was not entitled to recover. This instruction should have been given. The allegation which we have heretofore quoted from the complaint was insufficient. The section of the statute upon which the complaint was based requires that every railroad in this state "shall construct and maintain cattle-guards where fences are required sufficient to prevent horses, cattle, mules and other animals from getting on the railroad."

In order to render a complaint good under this statutory provision it should allege, *first*, that there was a certain crossing over defendant's railway at a certain point in a certain township; *second*, that adjacent to such crossing the defendant had failed to erect and maintain a proper cattle-guard sufficient to prevent horses, cattle, mules and other animals from getting upon defendant's track; and, *third*, that by reason of

such insufficient cattle-guard plaintiff's mare passed from said crossing upon defendant's track, and was there struck and killed by its locomotive and cars. *Vaughn v. Railroad*, 17 Mo. App. 4; *Morrow v. Railroad*, 82 Mo. 169; *Nance v. Railroad*, 79 Mo. 196; *Cecil v. Railroad*, 47 Mo. 249; *Johnson v. Railroad*, 76 Mo. 553; *Manz v. Railroad*, 87 Mo. 278. The complaint is defective in these essentials, and was insufficient, and the instruction in the nature of a demurrer, as it was, should have been given.

The defendant further contends that said instruction should have been given for the additional reason that it was alleged in the complaint, but not proven, that Union township in which the suit was brought adjoined that of Lincoln in which the plaintiff's mare was struck and killed. Under the provisions of section 6126, Revised Statutes, this was indispensably necessary to confer jurisdiction. It has been repeatedly decided by the appellate courts of this state that, in suits under the statute for killing stock in a township other than that in which the suit is brought, the fact that the two townships adjoin each other is jurisdictional, and must be not only alleged but must be proved at the trial. *Wisconsin v. Railroad*, 30 Mo. App. 517; *Kinion v. Railroad*, 30 Mo. App. 574; *Palmer v. Railroad*, 21 Mo. App. 437; *Jewett v. Railroad*, 38 Mo. App. 50; *Whitesides v. Railroad*, 49 Mo. App. 250. This last contention of defendant must also be upheld. It may be that the plaintiff can prove that Lincoln township adjoins that of Union and that the omission to prove that fact at the trial, if such it be, happened through inadvertency, and, therefore, we shall reverse the judgment and remand the cause with leave to the plaintiff to amend his complaint, if he so elects, so as to make it conform to the suggestions in this opinion made. It is so ordered. All concur.