66  623
71  142

KIT PORTER, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondent.

### St. Louis Court of Appeals, May 12, 1896.

1. **Railroads:** PROOF OF PROPER VENUE OF ACTION FOR DOUBLE DAMAGE TO STOCK. When an action against a railroad company for double damages for the killing of stock is not brought in the township in which the accident occurred, there must be evidence that it was instituted in an adjoining township. The recital of that fact in the transcript of the justice will not supply the absence of such evidence.

2. ———: ———: PRACTICE, APPELLATE. When such evidence is wanting, a judgment for the defendant railway company under a peremptory instruction to find for it will be affirmed by this court as being for the right party, though the record indicates that the instruction was given upon other and erroneous grounds.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

AFFIRMED.

*J. B. Dennis* for appellant.

*Martin L. Clardy* and *R. Graham Frost* for respondent.

BIGGS, J.—This action is brought under section 2611 of the Revised Statutes to recover double damages for killing a horse and mule, the property of the plaintiff. The action was begun before a justice of the peace of Cape Girardeau township in Cape Girardeau county. It was averred in the petition that the killing occurred in Hubble township in said county, and that Hubble township adjoined Cape Girardeau township. The plaintiff recovered a judgment before the justice, and the defendant took an appeal to the Cape Girardeau court of common pleas. There was a trial in the

latter court, and at the conclusion of the evidence the court instructed the jury to return a verdict for the defendant, which was done and judgment entered accordingly. The plaintiff has appealed.

The action of the trial court in directing a nonsuit must be sustained, for the reason that no evidence was introduced at the trial tending to prove that Cape Girardeau township, where the suit was brought, was adjoining Hubble township, where the evidence showed the accident to have occurred. This was a jurisdictional fact, and it was essential that it should be both averred and proved. *Backenstoe v. Railroad*, 86 Mo. 492; *Emerson v. Railroad*, 35 Mo. App. 621; *Jones v. Railroad*, 52 Mo. App. 381; *Wiseman v. Railroad*, 30 Mo. App. 517; *Kinion v. Railroad*, 30 Mo. App. 574; *Palmer v. Railroad*, 21 Mo. App. 437; *Jewett v. Railroad*, 38 Mo. App. 48; *Whitesides v. Railroad*, 49 Mo. App. 250. It is insisted that the recital in the transcript of the justice, that Cape Girardeau township adjoins Hubble township, must be accepted as some evidence of that fact. The tenor of the decisions is against this. In all of them it is held that there must be independent evidence of the fact.

The failure in this case was doubtless an oversight, but the consequences can not be avoided. Neither can it help the plaintiff's case that the trial court sustained the demurrer to the evidence on other and erroneous grounds. This is indicated by other instructions which the court saw fit to give. Assuming for the argument that these instructions were erroneous, yet, as the judgment is the only one consistent with the evidence, it must be affirmed as being for the right party. *Fitzgerald v. Barker*, 96 Mo. 661; *Basset v. Glover*, 31 Mo. App. 150; *Blesse v. Blackburn*, 31 Mo. App. 264.

For the reasons stated the judgment of the circuit court will be affirmed. All the judges concur.