F. S. OYLER, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **RAILROADS: Killing Stock: Ownership of Railroad.** In an action for killing stock the burden is on the plaintiff to show that the defendant is the owner of the railroad on which the injury happened; and under the circumstances the evidence adduced is held sufficient to go to the jury.

2. ———: ———: **Evidence: Collision: Penalty.** To sustain an action for killing stock under the statute the plaintiff may resort to circumstantial evidence, and the fact that the statute is penal does not require a different character of proof from other cases; and evidence is held sufficient to send the case to the jury.

3. ———: ———: **Adjoining Property: Public Highway: Cattle Guards.** The statute does not inure to the benefit of the adjoining owner; and if his lands are not lawfully inclosed the stranger whose stock reaches the railroad over them has an action as he has when when the stock enters the track from a highway over a defective cattle guard.

4. ———: ———: **Negligence: Injury Without Collision.** The statute is not an exclusive, but an accumulative remedy to recover compensatory damages, and negligence may be either actual or constructive, that is, a failure to perform the duty imposed by the statute; and the company is liable for a breach of its duty where stock strays upon its right of way and is injured by running over its track in escaping from approaching trains.

5. ———: ———: **City Limits: Evidence.** Under the evidence it is found that the points of entry upon the right of way and of the collision with the train were both outside of town limits.

Appeal from Adair Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*Hall & Hall* and *J. G. Trimble* for appellant.

(1) This is an action under penal statutes, and it is incumbent upon the plaintiff to prove by competent evidence the liability of the defendant for the injuries complained of. This can not be done by inference or conjecture. Smith v. Railway, 25 Mo. App. 113, 116; Ferris v. Railroad, 30 Mo. App. 122, 124; Bartlett v. Railway, 68 Mo. 56. (2) The evidence in the case clearly shows that the plaintiff is not an owner or proprietor of the lands adjoining the railroad where the alleged injuries occurred, and he is, therefore, not entitled to recover on either count of the petition. Section 1105, Revised Statutes of 1899, which is section 2611, of the Revised Statutes of 1889, and section 1106, Revised Statutes of 1899, were and are intended for the benefit of the owner or proprietor of the adjoining lands and not for the benefit of owners of trespassing animals. Carpenter v. Railway, 25 Mo. App. 110; Berry v. Rail-

way, 65 Mo. 172; Harrington v. Railway, 71 Mo. 384; Johnson v. Railway, 80 Mo. 620; Peddicord v. Railway, 85 Mo. 162; Geiser v. Railway, 61 Mo. App. 459. (3) The whole proceeding on the second count is erroneous and unauthorized by the statutes, and the court erred in overruling defendant's demurrer to the evidence on this count. Parish v. Railway, 63 Mo. 284, 289; Manz v. Railway, 87 Mo. 278; Geltz v. Railway, 38 Mo. App. 579; Perkins v. Railway, 103 Mo. 52; R. S. 1899, sec. 1106. (4) There is not a particle of evidence to support or warrant the finding or judgment on the second count of the petition. The petition admits that the fences on both sides of the right of way were good and the evidence does not even tend to show that the mule was injured, "by or because of having run against the fence on either side, or into any culvert, bridge, slough or mire or other object along the line of said road. Perkins v. Railway, 103 Mo. 52; Briggs v. Railway, 111 Mo. 168, 175. (5) The plaintiff is not entitled to recover on the third count, and the court erred in overruling defendant's demurrer to this count for the reason that the evidence shows that the place where the horse was struck, if it was struck at all, and the place where it is claimed the cattle guard was insufficient, is in the corporate limits of the town of Brimson, and, therefore, at a place where defendant was not required to maintain a cattle guard. Meadows v. Railway, 82 Mo. App. 83, 89, 92; Rhea v. Railway, 84 Mo. 345; Edwards v. Railway, 66 Mo. 567, and cases cited; Elliott v. Railway, 66 Mo. 683. (6) There is no evidence whatever to sustain the verdict on the third count, for under section 1105, there must be proof of an actual collision. No witness pretended to have seen the horse struck by a train, or even to have seen it upon the right of way of the railroad. The verdict rests solely upon bare conjecture, and cannot be supported by conjecture alone. Hesse v. Railway, 36 Mo. App. 163; Lindsay v. Railway, 36 Mo. App. 51; Gilbert v. Railway, 23 Mo. App. 65.

*Harber & Knight* for respondent.

(1) Appellant's points numbered 1 and 2, are without merit and can be noticed together; there is no pretense that counts one and two in this case are for stock getting through a defective fence ·and that therefore plaintiff must have been an adjoining landowner or under some contractual relation to such landowner in order to have any rights in the case; but these counts are for defective cattle guards at crossings and are governed by entirely different considerations. Jones v. Railway, 52 Mo. App. 381; Same case, 59 Mo. App. 137; Brown v. Railroad, 104 Mo. App. 691; Geiser v. Railway, 61 Mo. App. 459-462. (2) The section above quoted imposes upon the defendant the duty of constructing and maintaining cattle guards, and for a violation of such duty, if a party sustain injury, by his stock being run and injured, he can maintain a common law action for single damages, and this is what is attempted in this count, for the statute (section 1106) is merely cumulative of the common law remedies, and so the authorities hold. Hill v. Railway, 49 Mo. App. 520; Same case, 66 Mo. App. 184-190; Same case, 121 Mo. 477-482; Lowry v. Railway, 40 Mo. App. 554.

JOHNSON, J.—This suit originated before a justice of the peace in Taylor township, Grundy county. The complaint is in three counts. In the first, double damages are sought under section 1105, Revised Statutes 1899, for the loss of a mule killed by one of defendant's trains. In the second, single damages are asked for injuries sustained by another mule in its efforts to escape the same train. The third count is founded upon a cause of action assigned by Dr. H. W. Oyler to plaintiff based upon a claim for double damages for the killing of a horse by another of defendant's trains. It is alleged the two mules entered upon defendant's right of way on the night of December 1, 1903, by jumping over an insuffi-

cient cattle guard maintained in Taylor township half
a mile east of the town of Brimson at a point where the
defendant's railroad is crossed by a public road. The
horse is stated to have entered the right of way during
the night of ———, 1902 by jumping over a cattle
guard maintained at another public road crossing in the
same township, and also charged to have been insuffi-
cient to turn stock. At the trial in the circuit court up-
on appeal plaintiff recovered a verdict upon each count.
Judgment was entered upon the first and third counts
for double damages, and upon the second for the amount
of the verdict. Defendant appealed.

It is claimed plaintiff failed to offer any evidence
tending to show that defendant owned the railroad men-
tioned. The proof of this fact, the burden of which was
upon plaintiff, though meager was sufficient. After it
was introduced plaintiff's counsel throughout the trial
was permitted to assume as proven in the examination
of witnesses the fact of defendant's ownership of the
road without objection. Defendant offered no evidence
and gave no intimation of purpose to resist the action on
this ground. Under such circumstances full proof
should not be exacted. [Geiser v. Railway, 61 Mo. App.
462; Keltenbaugh v. Railroad, 34 Mo. App. 148; Lind-
say v. Railroad, 36 Mo. App. 51.]

It is contended that the peremptory instruction
asked by defendant should have been given. The claim
is made that the evidence fails to show that any of the
animals mentioned in the complaint was struck or in-
jured upon the railroad. There was no direct proof of-
fered, as the accidents both occurred during the night
and, so far as known, were not witnessed by anyone;
but the facts and circumstances detailed in evidence
very strongly indicated that the two animals killed were
struck by defendant's trains, and that the one injured
received its injuries from running upon the ties and
other component parts of defendant's road in fleeing be-
fore the approaching train. Defendant says that, as sec-

tion 1105 provides for the imposition of a penalty in addition to compensatory damages it is incumbent upon the plaintiff to prove by competent evidence the liability of defendant for the injuries sustained. This is true, but the character of proof required is the same in this class of cases as in others. The existence of ultimate facts may be found from other facts and circumstances in proof. [Jones v. Railway, 52 Mo. App. 381; Brown v. Railroad, 104 Mo. App. 691.]

From the evidence adduced it appears that the three animals entered the right of way from public roads by passing over defectively constructed cattle guards. Their subsequent movements were plainly indicated by the tracks and other marks left by them. The two mules proceeded along the right of way several hundred yards from the place of entry. During the night the engine of a passing train was heard to sound the stock signal. The mules turned and ran upon the track and in close proximity thereto before the approaching train. One of them was found the next morning beside the track with three legs broken; the other escaped into the public road with injuries sustained from running at high speed upon the hard substances of the roadbed. The injury to the horse was also clearly traced to a collision with one of defendant's trains, and its presence upon the track shown to have been occasioned by its passage from the public road over a defectively constructed cattle guard. The evidence was sufficient to go to the jury. Defendant further says the demurrer to the evidence should have been sustained, for the reason that, as it was charged in the complaint and shown in proof the railroad at the points of entry ran through inclosed lands and plaintiff was not an adjoining proprietor, no recovery could be had because sections 1105 and 1106, Revised Statutes 1899, are intended for the benefit of the proprietors of the adjoining lands and not for the benefit of owners of trespassing animals. A sufficient answer to this is that the animals did not reach the right of way from the lands

of an adjoining owner, but directly from the public highway. It was defendant's duty under the statute to interpose a cattle guard between its property and the road reasonably sufficient to turn stock, and for a breach of this duty it became liable to any one whose stock is injured thereby. Moreover, the duty to fence the right of way through inclosed fields does not inure solely to the benefit of the adjoining owner. If the lands of such owner are not inclosed by a lawful fence and the stock of a stranger reaches the railroad over them, the company is liable for injuries inflicted by its trains if its right of way is not inclosed by a lawful fence and the stock enters on that account. [Reed v. Railroad, 112 Mo. App. 575; Rinehart v. Railroad, 80 S. W. 910.]

Special objections are urged against the allowance of a recovery under the second count. It is conceded that as the mule did not come into contact with a passing train an action for double damages does not lie under section 1105. Counsel for defendant say that the action cannot be maintained under section 1106 for several reasons, as follows: Cattle guards are not required to be erected and maintained under this section; recovery may he had only in case the stock goes upon the right of way at a place where it is not inclosed by a lawful fence on both sides, and will not be permitted without it is shown the injuries were inflicted by the animal being frightened and run against the fence or into a culvert, bridge, slough or mire, or other object along the line of road. And on this last point defendant calls attention to the fact that the mule was not injured from any of these causes specified in the statute, but the charge is that it was frightened and pursued, "over the ties and other hard substances and material of said railroad track and caused to become sore, lame and sick and unable for work and use."

The remedies afforded under these sections of the statute relating to the recovery of compensatory damages are not exclusive but cumulative. Independent of

them, a cause of action exists for the enforcement of common law remedy in favor of the owner of stock negligently injured. The negligence pleaded and proven in such cases may be either actual or constructive, by which latter term is meant the failure to perform the duty imposed by statute. If the company fails to erect and maintain the kind of inclosure required by law, and through such breach of duty stock strays upon the right of way and is injured by running along the hard substances of the roadbed in escaping from approaching trains, such facts constitute negligence and will support a recovery. [Gorman v. Railroad, 26 Mo. 441; Hill v. Railroad, 49 Mo. App. 520, and cases cited; Hill v. Railroad, 121 Mo. 477.]

Finally, it is said the demurrer should have been sustained as to the third count because it was disclosed by the evidence that the horse was struck by the train, if at all, at a place where the road ran through an incorporated town and not required by law to be fenced. We do not so understand the evidence. The point of entry upon the right of way and of collision with the train were both outside of the town limits. The demurrer to the evidence was properly overruled.

Objections made to the instructions given are answered in the views expressed. The case was fairly submitted. Judgment is affirmed. All concur.