WILLIAM D. MOORE, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1906.

RAILROADS: Killing Stock: Ownership: Verdict: Instructions. *Held*, the testimony relating to the ownership of the railroad and to the place of the killing was sufficient to sustain the verdict, and the instructions being correct the judgment is affirmed.

Appeal from the Grundy Circuit Court.—*Hon. George W. Wannemaker*, Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1)    Before the plaintiff can recover there must be some sufficient evidence to connect the appellant with the injury. This is an action under a penal statute and it devolves upon the plaintiff to prove, by competent

evidence, the liability of appellant for the injury sued for. This cannot be done by inference, conjecture, or presumption. Smith v. Railway, 25 Mo. App. 116; Ferris v. Railway, 30 Mo. App. 124; Barnett v. Railway, 68 Mo. 56. (2) The burden of proof was upon the plaintiff to show that the defendant was the owner or was operating the railroad upon which the injury happened. Oyler v. Railroad, 113 Mo. App. 374; Lindsay v. Railway, 36 Mo. App. 51; Some evidence of the fact of ownership was necessary. Geiser v. Railway, 61 Mo. App. 462; Keltenbaugh v. Railway, 34 Mo. App. 152; Botts v. Bank, 99 Mo. App. 172; Holmes v. Ledbetter, 95 Mo. App. 419; Morrow v. Car Co., 98 Mo. App. 356. (3) The refusal of a correct instruction, unaccompanied with any exposition of the law of the case to the jury, is erroneous. Livingston v. Ins. Co., 7 Cranch, 506; Christy v. Price, 7 Mo. 430; Coleman v. Roberts, 1 Mo. 97; Cahn v. Reid, 18 Mo. App. 115; Gray v. McDonald, 28 Mo. App. 492; Kountz v. Kaufman, 31 Mo. App. 420; Kraft v. McBoyd, 32 Mo. App. 399; Becroft v. Geist, 52 Mo. App. 586. A party to an action is bound by his evidence as a witness with a like effect as an admission. Holmes v. Ledbetter, 95 Mo. App. 419; Phipps v. Mallory Com. Co., 105 Mo. App. 67; Payne v. Railway, 136 Mo. 672.

*E. M. Harber* and *A. G. Knight* for respondent.

(1) Appellant's big point is that it was not shown by the evidence, neither directly or inferentially that the defendant railroad company was the railroad referred to or mentioned by the witnesses as being the one whose engine struck the cow, or whose section foreman and hands killed the cow and skinned her, or whose claim agent was trying to settle for the cow. This contention is without merit. A similar quibble to this was answered by this court in the case of Oyler v. Railroad, 113 Mo. App. 379. (2) As to their second point that

the instructions two and three should have been given, it is sufficient to say that the presumption therein invoked only applies when the party in whose presence such statement is made is called upon or required to speak, which was not the case here.

ELLISON, J.—This action was instituted to recover damages for killing plaintiff's cow by running against her with one of defendant's engines. The judgment in the trial court was for the plaintiff.

The complaint against the judgment is technical in the extreme. It is contended that there was no evidence that the defendant was the owner of the road upon which the cow was killed. The objection is not well taken. There was no affirmative and direct testimony which in words stated ownership. But there was evidence from which the ownership could be reasonably inferred by the jury. The case as made would make any other inference farfetched and not to be indulged. There was nothing attempted in the way of a showing that defendant did not own the road. [Oyler v. Railway, 113 Mo. App. 379.]

It was a matter of dispute between the parties whether the cow was killed at a public crossing and the evidence of plaintiff was ample to sustain the verdict.

We find no valid objection to the action of the court on instructions two and three, refused. The judgment was manifestly for the right party under the evidence as disclosed in the record and it is accordingly affirmed. All concur.