## SAMUEL CAREY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, April 1, 1907.

1. **STREET RAILWAYS: Speed: Pleading: Departure.** The original petition alleged that the rate of speed was negligently thirty miles an hour. An amendment changed this to twenty-five miles an hour. *Held*, it was no departure.

2. ———: **Negligence: Contributory Negligence: Evidence: Jury.** The evidence relating to contributory negligence of the plaintiff in crossing a street railway is reviewed and held sufficient to send the case to the jury, since the difference of a few seconds is not sufficient to show inconsistency in the physical facts in the testimony, and the question whether twenty-five miles an hour in approaching a street crossing in the nighttime by a street car is an act of negligence or not, is for the jury.

3. ———: ———: ———: **Ownership: Appellate Practice.** Where a defendant had tried his case on the theory of plaintiff's contributory negligence he may not in the appellate court attempt to escape liability on the ground that he was not the owner and in possession of the road at the time of the accident.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*John H. Lucas, Ben T. Hardin* and *Ben F. White* for appellant.

(1) The court erred in overruling defendant's motion to strike out the amended petition of plaintiff. It was a departure from the original petition; the cause of action alleged in the amended petition required different proof from that in the original petition. Lumpkin v. Collier, 69 Mo. 170; Heman v. Glann, 129 Mo. 335. (2) The court erred in overruling defendant's demurrer to the evidence, in the form of a peremptory instruction for defendant. Plaintiff totally failed to

prove that defendant owned or operated the road, or the car which did the alleged injury. This is fatal. Lindsay v. Railroad, 36 Mo. App. 51; Keltenbaugh v. Railroad, 34 Mo. App. 148; Gieser v. Railroad, 61 Mo. App. 462; Gilbert v. Railroad, 23 Mo. App. 65.

*Harkless, Crysler & Histed* and *William S. Hogsett,* for respondent, filed argument.

BROADDUS, P. J.—The plaintiff's action is to recover damages for an injury alleged to have been the result of defendant's negligence in the operation of one of its street cars. The plaintiff was struck and injured on the fifteenth of January, 1904, at about seven o'clock p. m. by an electric car bound north on Indiana avenue, at the intersection of Twenty-third street in Kansas City, Missouri. The case was submitted to the jury solely on the evidence introduced by plaintiff except an admission of defendant that the two streets mentioned were public thoroughfares. The judgment was for plaintiff and defendant appealed.

Although the plaintiff alleged several grounds for recovery, the cause was submitted to the jury on the alleged negligence of defendant in operating its car at an excessive rate of speed under the circumstances. One of the contentions of defendant is that the amended petition on which the case was tried was a departure from the original. The latter alleges that the rate of speed was thirty miles an hour whereas the amended petition states that the speed was in excess of twenty miles an hour. We cannot conceive how by any theory whatever the amendment can be construed as a departure from the original.

The plaintiff's evidence was that at the time mentioned, while in the act of crossing Indiana avenue at Twenty-third street in a buggy driven by a Mr. Campbell, the buggy was struck by an electric car going north on said avenue; that in approaching the crossing

the buggy was passing south on the west side of the avenue; that on arriving at the crossing the plaintiff looked both to the north and the south, but saw no car approaching from either direction; that the buggy was then driven diagonally across the railway tracks toward the southeast corner of the street; that the buggy was struck just behind the front wheels while it was passing over the east track; that plaintiff did not see the approaching car until the horse was on said east track, at which time it was then fifteen or twenty feet away; that there had been a sewer dug at the crossing and the excavated earth piled in the street to a height of two or three feet, which caused plaintiff and his companion to deflect from a direct course in crossing the railroad tracks, and which caused a shadow at that point by obstruction to some extent of the rays of an electric light in the street nearby; that plaintiff was not previously aware of the condition of the crossing; and that the car was moving at a rate of speed exceeding twenty-five miles an hour. The plaintiff on cross-examination stated that when he arrived at the crossing he could see southward on Indiana avenue a distance of one hundred and fifty feet, but upon being closely questioned he stated that he might have been able to see nearly the distance of a block. And that he did not see the car until just as the buggy started onto the east track, at which time it was fifteen or twenty feet away. And again in answer to a question he said; "Well, the car was right at us when we first looked." He was then asked; "What, right at you?" He answered; "Yes, sir, when I looked the last time." He further stated that in approaching the railroad the horse was going in a "jog of a pace," but that his pace was increased when he got upon the tracks; and that the car had a headlight; and the night was very dark.

The defendant contends that the evidence shows that plaintiff was guilty of such contributory negligence

as precludes his right to recover. The plaintiff in look-
ing both ways for an approaching car before he and
his companion drove upon the railway tracks exercised
due caution. But defendant assumes that the physical
facts show that he did not do so, because if he had used
that precaution he could have seen, according to his
own testimony, for the distance of a block south, at
which time the car must have been in sight for when he
did see it it was only fifteen or twenty feet away; or,
in other words, the car could not have moved the length
of a block between the time the plaintiff looked and
the time he first saw the approach of the car which
was then only a short distance away.

But if we take into consideration the rate of speed
of the car of twenty-five miles or more an hour, or
about thirty-six feet a second, the physical facts are
consistent with plaintiff's statement. Plaintiff stated
he could see about the length of a block. This block
is about three hundred and thirty feet long. The car
moving at this rate of speed would go the whole length
of the block in about nine seconds. Plaintiff testified
that from the time he looked for a car before going
across the tracks until he looked up the second
time and saw the car right on them he had
gone about forty feet. The front wheels of the
buggy had just started onto the track when the
car was seen bearing down on them. It was neces-
sary, therefore, in order for the avoidance of a collision,
that the buggy be drawn diagonally across the track,
which was five feet in width between the rails, and
on a sufficient distance to leave about two feet in the
clear from the hind wheels to the track, or east rail.
We might estimate the distance from where the front
wheels would touch the track to the farthest edge of
the hind wheels at from seven to eight feet. Thus, ap-
proximately, the buggy would have to go about fifteen
feet to be out of danger, and, having gone forty feet

already, the entire distance to be traveled in crossing the tracks in safety would be in the neighborhood of fifty-five feet. The plaintiff's evidence was that they were going in a "jog of a pace," or "about twice as fast as a horse would walk." Assuming that a horse can walk four miles an hour, or about five feet a second, it would have taken eleven seconds to travel fifty-five feet. But, if the horse was going twice that fast, it would have taken about six seconds, or three seconds less time than the car could travel the length of the block. Thus, it is said that the fact the car struck the buggy before it had gotten across shows that the plaintiff did not look at all, for if he had he would have seen the car, since the car must have been closer than a block in order to overtake plaintiff, and he had testified he could see about a block. The difference of a few seconds is not sufficient to show an inconsistency in the physical facts, as mathematical accuracy in such matters is not to be expected, and, too, we have taken the estimates most favorable to defendant. The only reasonable inference is that at the time plaintiff looked south and the buggy turned onto the west track, the car was more than the length of a block distant and not then within sight. And we must take into consideration also that plaintiff's judgment of distances was more or less guesswork and the car may have been going at a speed of more than twenty-five miles an hour as witnesses stated, and plaintiff could not tell just how fast he himself was traveling, all of which would account for the few seconds mentioned. The evidence seems to be consistent with the physical facts and a reasonable explanation of the conduct of plaintiff and Campbell, who was driving the buggy, in attempting to cross the railway tracks under the circumstances, and does not show that they were negligent in doing so. The question of contributory negligence was at least a question for the jury.

And it was also a question for the jury to say whether, under the circumstances, the running of a car approaching a street crossing in a city in the nighttime at the rate of speed of twenty-five miles an hour was an act of negligence. [Murray v. St. Louis Transit Co., 108 Mo. App. 501; Cole v. Railway, 121 Mo. App. 605, 97 S. W. 555.]

It is next contended that the evidence does not show that the defendant was the owner or in the possession of, and operating, the railway at the time of the injury. There is no direct or positive evidence that such was the case. The case is somewhat different from that of Oyler v. Railroad, 113 Mo. App. 375, where the evidence of ownership was somewhat meager, yet held to be sufficient. Here, however, the defendant seems to have tried the case upon the theory that it was the owner and operating the car that caused the injury. The defense was not predicated upon the theory that defendant was not the owner and operating the car, but upon the theory that the evidence showed that plaintiff was guilty of contributory negligence and therefore was not entitled to recover.

The defendant's instruction number three unequivocally shows that the defense was the contributory negligence of plaintiff. It was as follows: "The defendant is not liable in this case for any injury to the plaintiff resulting from any cause or causes not specified and submitted to you in these instructions; and before the plaintiff can recover in this action he must show with reasonable satisfaction to the jury that the negligence so specified and submitted to you in these instructions produced his injuries; and if all the facts and circumstances given in evidence leave it to mere conjecture as to whether said specified negligence was the direct and proximate cause of plaintiff's injury, then he must fail in this action, and your verdict must be for the defendant."

125 App—13

Defendant's instruction number one recognizes that defendant's agents were in charge of the car in question, as shown by the following quotation: "And unless you believe and find from the evidence in this case that the plaintiff has proven by a preponderance of the credible evidence in the cause to your satisfaction that the defendant's servants at the time and place alleged were guilty of negligence as alleged and specified in these instructions, and that said negligence was the direct and proximate cause of plaintiff's injuries, then you cannot find for the plaintiff and your verdict must be for the defendant." We cannot conceive the necessity that induced the defendant to ask the court to say to the jury that if "defendant's servants at the time and place were not guilty of negligence as alleged," i. e., in operating the car, the verdict should be for the defendant, unless it was in the possession and operation of the car.

All of defendant's contentions except upon the question of plaintiff's contributory negligence are not supported by the semblance of plausibility. For the reasons given, the cause is affirmed. All concur.